JOHNSON v ROBINSON TOWNSHIP

Docket No. 69342. Argued January 5, 1984 (Calendar No. 7).—Decided December 28, 1984.

James W. Johnson and Molly Johnson petitioned the Robinson Township Zoning Board of Appeals for a variance from the township zoning ordinance to permit construction of a residence on an undersized lot which had been part of a conforming lot owned by the plaintiffs' family. The board denied the variance on the grounds that the restrictions were in force when the lot was created, the situation was not unique and was not a hardship created by an agency outside the owners' control, and a potential existed to resolve the problem by agreement with an adjoining property owner by rearrangement of the lot's configuration. The Ottawa Circuit Court, Calvin L. Bosman, J., reversed, criticizing the board's reasoning and challenging some of its findings of fact as irrelevant on not being supported by the evidence. The Court of Appeals, Allen, P.J., and R. B. Burns and J. H. Gillis, JJ., affirmed in an unpublished opinion per curiam, holding that the plaintiffs were entitled to challenge the denial of a variance and need not prove unique circumstances and that because the plaintiffs demonstrated practical difficulties in meeting the restrictions and the defendant did not show that the restrictions were determined by health, safety, welfare, or environmental considerations, the circuit court was correct in reversing the decision of the board (Docket No. 55839). The defendant appeals.

In a unanimous opinion per curiam, the Supreme Court *held:*

The Zoning Board of Appeals did not abuse its discretion in denying the variance. The restrictions preceded the division of the property in question by the plaintiffs' family. The plaintiffs' problems were caused not by the township, but by the division. The undisputed facts of the case are a competent, material, and substantial evidentiary basis for the board's decision.

1. A township zoning board of appeals has authority to grant

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 82 Am Jur 2d, Zoning and Planning § 266 *et seq.*
[2] 82 Am Jur 2d, Zoning and Planning §§ 61-64.
[3] 82 Am Jur 2d, Zoning and Planning § 240.

variances from zoning restrictions where carrying out the strict letter of a zoning ordinance would result in practical difficulties or unnecessary hardships. Variance or modification of ordinance provisions should be made to assure public safety and substantial justice and to observe the spirit of the ordinance. Appeal of a decision of a board may be had in a circuit court to insure that the decision complies with the constitution and laws of the state; is based on proper procedure; is supported by competent, material, and substantial evidence on the record; and represents the reasonable exercise of discretion.

2. In this case, the plaintiffs do not challenge the board's authority or the ordinance, but the denial of a request for a variance from the restrictions of the ordinance. The zoning board did not abuse its discretion in denying the variance. The ordinance preceded the division of property that conformed to zoning restrictions. The plaintiffs' problem arose when their family divided the property contrary to the ordinance restrictions and was not caused by the township.

Reversed.

1. ZONING — VARIANCES — TOWNSHIP ZONING BOARD OF APPEALS.

A township zoning board of appeals has authority to grant variances from zoning restrictions where carrying out the strict letter of a zoning ordinance would result in practical difficulties or unnecessary hardships; variance or modification of ordinance provisions should be made to assure public safety and substantial justice and to observe the spirit of the ordinance (MCL 125.293; MSA 5.2963[23]).

2. ZONING — VARIANCES — TOWNSHIP ZONING BOARD OF APPEALS — REVIEW.

Appeal of a decision of a township zoning board of appeals may be had in a circuit court to insure that the decision complies with the constitution and laws of the state; is based on proper procedure; is supported by competent, material, and substantial evidence on the record; and represents the reasonable exercise of discretion (MCL 125.293a; MSA 5.2963[23a]).

3. ZONING — VARIANCES — TOWNSHIP ZONING BOARD OF APPEALS — DENIAL.

Denial of a variance from a zoning restriction on the size of a lot on which a dwelling could be built was proper where the restriction preceded division of a conforming lot into nonconforming lots by the family of the property owner seeking the variance and any problems experienced by the owner were not caused by the township (MCL 125.293; MSA 5.2963[23]).

*O'Toole, Stevens, Johnson, Knowlton, Potter & Rolf* (by *G. Thomas Johnson)* for the plaintiff.

*H. James Telman* for the defendant.

PER CURIAM. This is a zoning case. Plaintiff landowners have persuaded the circuit court and the Court of Appeals that the Zoning Board of Appeals erred in denying a variance. The defendant township appeals, arguing that the variance was correctly denied. We agree, and reverse the judgments of the circuit court and the Court of Appeals.

I

The parties do not contest the facts. In 1949, the township adopted its zoning ordinance. Sections 501 and 601 of that ordinance provide that, in the district where this controversy arises, a dwelling or other main building is not to be built on a lot that is less than 99 feet wide. A lot of greater width was owned by the grandfather of plaintiff James Johnson. In 1959, the family decided to split the grandfather's lot into three smaller parcels. It was not until 1961 that deeds and a survey were prepared to effect this division.

When this land was divided, a parcel 60 feet wide was given to the parents of James Johnson. They, in turn, transferred the property to James Johnson in 1973.

There came a time when the Johnsons decided they would like to build a house on their lot. In 1978, they approached the Zoning Board of Appeals, seeking a variance to permit the construction of a residence on their undersized lot.

This matter was considered by the board on

several occasions. During at least two of those sessions, the board heard from persons who were concerned about the proposed variance. A decision was rendered on April 26, 1979, after the board viewed the property. The board's minutes for that occasion include a statement of the subjects covered in the discussion[1] and the reasons why it was denying the variance:

"1. The requirement of 99 feet wide lots was in force when the split that created two sub-standard lots for residential use (Mr. Johnson's lot and Mr. Menasian's lot with cottage).

"2. The situation is not unique. It would be created today, at will, by many property owners.

"3. The situation is not a hardship created from outside the property owners' control. No outside agency, private or governmental, exercised any influence on the creation of this situation.

"4. Potential to resolve the problem by agreement of the two property owners exists, *i.e.,* by rearrangement of the property's configuration."

The plaintiffs appealed to the Ottawa Circuit Court in May of 1979. In its opinion of reversal, the circuit court began by criticizing the board's four stated reasons for denial:

---

[1] "General discussion of Mr. James Johnson request for a variance than *[sic]* took place.

"The discussion covered the following points:

"1. Sec. 501/601 of the R.T.Z.O. [Robinson Township Zoning Ordinance.] Lot requirements.

"2. Sec. 502.4 of the R.T.Z.O. Exceptional yard conditions.

"3. Sq. ftge. on a standard lot is 12,573 sq. ft. on Mr. Johnson's lot is 12,000 [the Court of Appeals calculated that the Johnsons' lot had a dry land area of 14,940 sq. ft].

"4. Have any violations of this nature not be enforced.

"5. County Health Standards.

"6. Nature of the House/Building Code.

"7. Was the split a violation of the zoning ordinance.

"8. Possible ways to create a 'legal' lot."

"The board gave four specific findings of fact and reasons for the denial.

"1. The first reason is that the requirements for a 99 foot minimum width lot was in force when the split was created. That is an accurate statement of the facts.

"2. The second reason is that 'the situation is not unique. It could be created today, at will, by many property owners.'

"That finding, while it may be true, is not a proper basis for a denial. It has no relevance to the consideration as it exists in this situation.

"3. The third finding that 'the situation is not a hardship created from outside the property owner's control. No outside agency, private or governmental, exercised any influence on the creation of this agency' is also an accurate factual statement. However it, like the first finding of fact, begs the question. The Supreme Court in [*Kropf v Sterling Heights*, 391 Mich 139; 215 NW2d 179 (1974),] ruled that one who purchases a parcel of property with knowledge of zoning restrictions is not estopped from challenging the restriction's validity. They held that an invalid ordinance does not lose its character or 'immunize itself from attack simply by the transfer of property from one owner to another.'

"To suggest that the hardship created on plaintiff was not created by an outside governmental, private or other agency begs the question. The question is whether or not a hardship is imposed by reason of the zoning ordinance and not who created it. The fact that plaintiff may have inherited the property as opposed to having purchased it does not result in any less hardship or make the property any less valuable. The description of the lot would indicate to this Court that it has no valid use for any other purpose than for residential use, be it a summer vacation home or a year-round residence. The proposed use and the only valid use being restricted by the zoning ordinance necessitates a finding of hardship.

"4. The fourth finding of fact is that the 'potential' to resolve the problem by agreement of the two property owners exists, *i.e.,* by re-arrangement of the property's configuration.

"The evidence does not support this finding of fact.

While there was initially a transfer of some footage to create a 100 foot lot from a Mr. Minasian who owns property directly west of the plaintiff, this transfer resulted in the creation of a sub-standard lot for Minasian and jeopardized his standing with the ordinance. Additionally, it should be noted that the board's apparent tentative approval of plaintiffs' proposed use of the change in configuration of plaintiffs' lot through a transfer of a portion of Minasian's property would have no effect on the constitutional standards for testing the validity of a zoning ordinance, but would only assure that the technical compliance of the zoning ordinance as it pertained to plaintiffs' property would be met."

The circuit court then observed that where there are "practical difficulties or unnecessary hardship in the way of carrying out the strict letter" of the zoning ordinance, MCL 125.293; MSA 5.2963(23) permits the board to "vary or modify" any of the ordinance's provisions, so that the "spirit of the ordinance" can be observed, and so that "public safety" and "substantial justice" can be assured. Observing further that MCL 125.293a; MSA 5.2963(23a) requires the circuit court to insure, *inter alia*, that the board's decision "represents the reasonable exercise of discretion granted by law to the Board of Appeals," the circuit court found a violation of these statutory duties:

"Pursuant to the testimony of two of the Zoning Board of Appeals members, the board did not consider the question of the well, sewage system or other health or safety matters. None of these factors which are valid reasons for zoning restrictions were determined by the board to exist and used as a basis for defeating plaintiffs' petition for a variance. It would seem to this Court that when legislature provides that one of the criteria of the Circuit Court's review of the Board of Appeals decision a valid use of the police power as it applies to a petitioner's proposed use of his property and if the ordinance restriction has no valid application to the

proposed use and there is a hardship by whomever created by reason of the restriction, then the Board's decision that because the letter of the law is not met is an abuse of their discretion. In this case, there was no evidence before the Board of Appeals contradicting the plaintiffs' evidence that the proposed use was not a threat to health, safety, welfare or environmental considerations."

The Court of Appeals[2] said the plaintiffs had "certainly demonstrated 'practical difficulties'" and said "[b]ecause the defendant did not show that the zoning restrictions were determined by health, safety, welfare or environmental considerations, the circuit court was entirely correct in reversing the Zoning Board once plaintiffs had met their burden of demonstrating practical difficulties." The Court of Appeals went on to explain its view that the plaintiffs need not prove "unique circumstances" and that "the self-created nature of the lot is irrelevant in this case":

"Defendant's final claim is that the variance requested by plaintiffs required a finding of an unnecessary hardship in a unique situation. However, the instant question is not one of plaintiffs' requesting a 'use' variance. In fact, defendant admits that the parcel in question lies within an area zoned as a residential district. Thus plaintiffs were not asking that defendant rezone their lot; rather, plaintiffs asked only than [sic] an exception be made to the 99-foot width requirement. Although it is not clear that plaintiffs must prove unique circumstances under *Bruni v Farmington Hills,* 96 Mich App 664; 293 NW2d 609 (1980), it is clear that plaintiffs have demonstrated 'practical difficulties' under MCL 125.293; MSA 5.2963(23). It is also clear from the record that plaintiff James Johnson's father and uncles met and agreed to subdivide the property in 1959, two [sic] years after the adoption of the zoning

[2] Unpublished opinion per curiam, decided April 16, 1982 (Docket No. 55839).

ordinance. Plaintiffs seek to build a summer home longitudinally on the lot and have dug a well for water and installed a septic system which were both approved by the Ottawa County Health Department. Apparently seeing the practical difficulties encountered by plaintiffs, the Zoning Board initially sought possible ways to alleviate plaintiffs' difficulties. Considering these facts, plaintiffs' situation certainly was unique. Plus, the only reason that the board really had for denying the variance was their strict adherence to the 99-foot requirement. This the circuit court found to be arbitrary, capricious and an abuse of discretion, and we agree. Regarding the 'unique circumstances' requirement, this Court held in *Beatrice Block Club Ass'n v Facen,* 40 Mich App 372; 198 NW2d 828 (1972):

" 'The courts have repeatedly emphasized that the hardship to be unique is "not shared by *all* others" (emphasis supplied), *Tireman-Joy-Chicago Improvement Ass'n v Chernick,* 361 Mich 211, 216 [105 NW2d 57] (1960), and "that the hardship of which he complains is suffered by his property directly, and not *merely* by others." (Emphasis supplied.) *Puritan-Greenfield Improvement Ass'n v Leo,* 7 Mich App 659, 670 [153 NW2d 162] (1967).'

"According to this Court in *Lorland Civic Ass'n v Di-Matteo,* 10 Mich App 129; 157 NW2d 1 (1968), at 142, fn 11:

" 'The phrase "practical difficulties" has been regarded as applicable only when an area or dimension variance is sought.' See *Indian Village Manor Co v Detroit,* 5 Mich App 679, 684; 147 NW2d 731 (1967).

"Thus, the record demonstrates that plaintiffs indeed have practical difficulties, and as they were requesting an area or dimension variance rather than a use variance, unique circumstances need not be proven.

"Regarding defendant's contention that plaintiffs cannot request a variance where they knew of the lot requirements, the Supreme Court said in *Kropf v Sterling Heights, supra,* at 152:

" 'The Court of Appeals then correctly stated that one who purchases with knowledge of zoning restrictions may nonetheless be heard to challenge the restrictions' constitutionality. An otherwise unconstitutional ordinance, we agree, does not lose this character and immu-

nize itself from attack simply by the transfer of property from one owner to another.'

"While this statement is not dispositive of defendant's argument since plaintiffs are not challenging the ordinance itself but rather the Zoning Board's abuse of discretion in denying the variance, it nevertheless makes sense that a substandard lot created by plaintiffs' [sic] father should not preclude plaintiffs from seeking a variance. Therefore, we agree with the trial court that the self-created nature of the lot is irrelevant in this case, and in light of the fact that plaintiffs sufficiently demonstrated practical difficulties, we find no error in the circuit court's findings."

## II

As the circuit court noted, the authority of a township board of appeals to grant variances is found in MCL 125.293; MSA 5.2963(23). That provision states that, where there are "practical difficulties or unnecessary hardship in the way of carrying out the strict letter" of the zoning ordinance, the board may "vary or modify" any of the ordinance's provisions, so that the "spirit of the ordinance" can be observed, and so that "public safety" and "substantial justice" can be assured.[3]

[3] The defendant township's zoning ordinance includes, in § 1403.3, a stricter "beyond a reasonable doubt" standard:

"The Board shall have the power to authorize upon appeal in specific cases, files [sic, filed?] as hereinbefore provided, such variances from the provisions or requirements of this ordinance as will not be contrary to the public interest, but only in such cases where the Board finds beyond a reasonable doubt that owing to special conditions pertaining to a specific piece of property, the literal enforcement of the provisions or requirements of this Ordinance would cause undue or unnecessary hardship and where it finds that all of the following facts and conditions exist:

"(1) That there are exceptional or extraordinary circumstances or conditions applying to the property in question or to the intended use of the property that do not apply generally to other properties or classes of uses in the same zoning district.

"(2) That such variance is necessary for the preservation and enjoyment of a substantial property right possessed by other properties in the same zoning district and in the vicinity; and

Prior to March 1, 1979, MCL 125.293; MSA 5.2963(23) provided that the "decision of [a township board of appeals] shall not be final, and any person having an interest affected by any such ordinance shall have the right to appeal to the circuit court on questions of law and fact." In 1978 PA 637, effective March 1, 1979, the Legislature added MCL 125.293a; MSA 5.2963(23a), providing in detail the nature and procedure of circuit court review:

"(1) The decision of the board of appeals rendered pursuant to section 23 shall be final. However, a person having an interest affected by the zoning ordinance may appeal to the circuit court. Upon appeal the circuit court shall review the record and decision of the board of appeals to insure that the decision:

"(a) Complies with the constitution and laws of the state.

"(b) Is based upon proper procedure.

"(c) Is supported by competent, material, and substantial evidence on the record.

"(d) Represents the reasonable exercise of discretion granted by law to the board of appeals.

"(2) If the court finds the record of the board of appeals inadequate to make the review required by this section, or that there is additional evidence which is material and with good reason was not presented to the board of appeals, the court shall order further proceedings before the board of appeals on conditions which the court considers proper. The board of appeals may modify its findings and decision as a result of the new proceedings, or may affirm its original decision. The supplementary record and decision shall be filed with the court.

"(3) As a result of the review required by this section, the court may affirm, reverse, or modify the decision of the board of appeals."

"(3) That the authorizing of such variance will not be as [sic] substantial detriment to adjacent property and will not materially impair the purposes of the Ordinance or the public interest."

### III

In the present case, the property owners have not mounted a frontal assault on the entire zoning statute, arguing that it was improperly enacted or suffers from some other fundamental flaw. Neither have they persuaded us that the 99-foot width requirement is unconstitutional throughout the zoned district.[4]

What is presented here is thus a routine variance case—routine in the sense that owners of a single lot are attempting to demonstrate that a general requirement ought to be waived as to their particular lot. The board of appeals having denied the variance, the task of the circuit court is to insure that the decision (a) complies with the constitution and the laws of the state, (b) is based upon proper procedure, (c) is supported by competent, material, and substantial evidence on the record, and (d) represents a reasonable exercise of discretion granted by law to the board of appeals. MCL 125.293a; MSA 5.2963(23a). The defendants argue in this Court that the board of review abused its discretion, but we cannot agree.

In *Kropf v Sterling Heights,* 391 Mich 139, 152; 215 NW2d 179 (1974), this Court stated that "one who purchases with knowledge of zoning restrictions may nonetheless be heard to challenge the restrictions' constitutionality," since an otherwise unconstitutional ordinance "does not lose this character and immunize itself from attack simply by the transfer of property from one owner to another." We adhere to this principle.

In *Puritan-Greenfield Ass'n v Leo,* 7 Mich App 659, 670-671; 153 NW2d 162 (1967) (a case involv-

---

[4] See *Padover v Farmington Twp,* 374 Mich 622; 132 NW2d 687 (1965), in which this Court considered a 100-foot minimum width requirement.

ing a request for a use variance), the Court of Appeals examined authorities that explain the requirements that hardships not be self-created and that the plight of the landowner be due to the unique circumstances of the property. There is no sound reason why those principles ought not to be considered by a board of appeals in the exercise of its discretionary power to grant area, as well as use, variances.

There was no abuse of discretion in denying this request for an area variance. The Zoning Board of Appeals was surely correct in foreseeing that, if these plaintiffs could obtain the requested variance, there would be little basis to ever deny a subsequent similar request. A township board of appeals is authorized to issue a variance where there are "practical difficulties or unnecessary hardship in the way of carrying out the strict letter" of the zoning ordinance. In this case, the only practical difficulty or hardship is one that was produced by the plaintiffs' family. See 3 Rathkopf, The Law of Zoning and Planning, pp 39-1 ff.

The zoning ordinance preceded the division of this property. Thus the plaintiffs' problems were not caused by the township, but were caused by the division. Since, prior to the split, this land was being properly used in conformance with the zoning ordinance, we can see no sense in which the township can be said to have unconstitutionally deprived the plaintiffs of their property rights. On the facts of this case, neither can it be said that the Zoning Board of Appeals abused its discretion. The facts are undisputed and serve as a competent, material, and substantial evidentiary basis for the decision of the board.

We therefore reverse the judgments of the Court of Appeals and the Ottawa Circuit Court, and we

reinstate the decision of the Robinson Township Zoning Board of Appeals.

WILLIAMS, C.J., and KAVANAGH, LEVIN, RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred.