CRYDERMAN v CITY OF BIRMINGHAM

Docket No. 98513. Submitted February 17, 1988, at Detroit. Decided September 6, 1988.

Wilfred G. and Patricia J. Cryderman in 1971 purchased Lot 92 of Harrowgate Subdivision in the City of Birmingham, also known as 1901 Kenwood Court, and two adjacent parcels east of Lot 92. The adjacent parcels (hereafter referred to as the property) had a 15.85-foot abutment to the street Kenwood Court. In 1966, the City of Birmingham enacted a zoning ordinance which provided that no residential building shall be erected on any lot which does not abut for at least thirty feet upon a street and have a minimum width of thirty feet. The ordinance excepted unimproved property platted before the date of the ordinance's adoption. The Crydermans used the property as a side yard and lawn to their residence on Lot 92 until 1984, when they decided to sell Lot 92 and the property as two separate building sites. Since the property was unplatted, the Crydermans sought a variance from the City of Birmingham's Board of Zoning Appeals. The zoning board denied the variance and the Crydermans brought an action in the Oakland Circuit Court seeking an order of superintending control directing the zoning board of appeals to reverse its decision. Alternatively, the Crydermans sought a declaration that the zoning ordinance was unconstitutional. The trial court, Robert C. Anderson, J., denied plaintiffs relief and dismissed their complaint. Plaintiffs appealed.

The Court of Appeals held:

1. An area variance, like that sought by plaintiffs, may be granted when enforcement of a zoning ordinance would result in practical difficulty or unnecessary hardship. In considering a request for an area variance, it is entirely proper for a zoning board of appeals to take into account the requirement that hardship not be self-created and that the plight of the land-

REFERENCES

Am Jur 2d, Zoning and Planning §§ 11 et seq., 25 et seq., 266 et seq., 322 et seq., 334 et seq.

Validity and construction of zoning regulations prescribing a minimum width or frontage for residence lots.

owner be due to the unique circumstances of the property. In this case, the adoption of the challenged ordinance preceded plaintiffs' purchase of the property and the only practical difficulty or hardship was not caused by the ordinance, but by plaintiffs' decision to sell the property separately from Lot 92. The zoning board of appeals did not err in determining that plaintiffs' hardship was self-imposed or in denying the variance request on that basis. The zoning board of appeals' decision is supported by competent, material, and substantial evidence on the record and represents a reasonable exercise of discretion.

2. The exception of platted property from the requirements of the ordinance serves a legitimate governmental purpose and is not arbitrary, capricious or unfounded inasmuch as platting is a substitute means of achieving the governmental purpose served by the thirty-foot frontage requirement, that being the protection of the health, welfare and safety of the community. The exception is therefore not unreasonable and it does not violate plaintiffs' due process or equal protection rights.

3. Plaintiffs did not establish that the ordinance, if enforced, would preclude use of the property for any purpose to which it is reasonably adapted. Thus, they failed to sustain their burden of proving confiscation without just compensation.

4. The application of the challenged ordinance does not violate MCL 125.583a; MSA 5.2933(1), which provides that the lawful use of land or a structure exactly as the land or structure existed at the time of the enactment of an ordinance affecting the land or structure may be continued, since use of the property in conjunction with Lot 92 as a single residential site preceded the adoption of the ordinance and nothing in the ordinance prohibits the continued use of the property in that manner.

Affirmed.

1. ZONING — APPEAL — CIRCUIT COURTS.

A circuit court, in an appeal from a decision by a city or village zoning board of appeals, reviews the record to insure that the decision (1) complies with the constitution and laws of Michigan, (2) is based upon proper procedure, (3) is supported by competent, material, and substantial evidence on the record, and (4) represents the reasonable exercise of discretion granted by law to the board of appeals (MCL 125.585[11]; MSA 5.2935[11]).

2. ZONING — APPEAL — COURT OF APPEALS.

Review by the Court of Appeals of findings made by a circuit court and a zoning board of appeals regarding zoning ordi-

nances is de novo, but with great weight accorded to the findings of the trial court and zoning board of appeals; relief from the Court of Appeals is only available where review of the record convinces the Court of Appeals that it would have reached a different result had it sat as the trial court or the zoning board of appeals.

3. ZONING — VARIANCES — ZONING BOARD OF APPEALS.

A zoning board of appeals has authority to grant a variance from a zoning restriction where carrying out the strict letter of the zoning ordinance would result in practical difficulty or unnecessary hardship; in considering a request for an area variance, it is entirely proper for a zoning board of appeals to take into account the requirement that hardship not be self-created and that the plight of the landowner be due to the unique circumstances of the property (MCL 125.585[9]; MSA 5.2935[9]).

4. ZONING — VARIANCES — ZONING BOARD OF APPEALS.

Denial of a variance from a zoning ordinance prohibiting the construction of a residential building on any lot which does not abut for at least thirty feet upon a street and which does not have a minimum width of thirty feet but which excludes property already platted was proper where the adoption of the ordinance preceded the proposed division of a conforming lot, which division would result in a nonconforming use.

5. ZONING — ORDINANCES — VALIDITY — CONSTITUTIONAL LAW.

A zoning ordinance is presumed to be constitutionally valid; a party attacking an ordinance bears the burden of proving affirmatively that the ordinance is constitutionally invalid; such party must present sufficient proofs to the court showing that the defendant municipality by its actions violated a constitutional right belonging to the party and thus acted unreasonably; the party must show that the municipality, via its ordinance, denied the party substantive or procedural due process, denied equal protection of the laws, or deprived the party of its property without just compensation.

6. ZONING — ORDINANCES — CONSTITUTIONAL LAW — DUE PROCESS.

A plaintiff seeking to successfully challenge a zoning ordinance on due process grounds must show that there is no reasonable governmental interest being advanced by the present zoning classification itself or that the ordinance is unreasonable because of the purely arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area in question.

7. Zoning — Ordinances — Constitutional Law — Equal Protection.

The state and federal constitutional guarantees of equal protection do not preclude all classification in the application of statutes and ordinances, but only require that the classification be based on a real distinguishing characteristic and bear a reasonable relation to the object of the legislation.

8. Zoning — Ordinances — Constitutional Law — Confiscation Without Compensation.

A plaintiff who claims unconstitutional confiscation of property without just compensation would result from the enforcement of a zoning ordinance must demonstrate that the ordinance, if enforced, would preclude use of the property for any purpose to which it is reasonably adapted.

*Colombo & Colombo* (by *Robert J. Lenihan, II*), for plaintiffs.

*Beier, Howlett, Hayward, McCann, Jones, Kingsepp & Shea* (by *Jon H. Kingsepp*), for defendants.

Before: Holbrook, Jr., P.J., and Doctoroff and C. W. Simon, Jr.,* JJ.

C. W. Simon, Jr., J. Plaintiffs Wilfred G. and Patricia J. Cryderman filed an action in circuit court seeking issuance of an order of superintending control against defendant Board of Zoning Appeals of the City of Birmingham (bza). Specifically, plaintiffs requested that the circuit court reverse a decision of the bza denying plaintiffs a variance or, alternatively, declare Birmingham Zoning Ordinance § 5.184 unconstitutional. The circuit court denied plaintiffs all requested relief and entered a judgment dismissing plaintiffs' complaint on January 30, 1987. Plaintiffs appeal as of right.

In 1971, plaintiffs purchased Lot 92 of Harrowgate Subdivision, also known as 1901 Kenwood

* Circuit judge, sitting on the Court of Appeals by assignment.

Court, and two adjacent parcels east of Lot 92. The adjacent parcels (the property) are rectangular in shape, 65.8 feet in width and 167 feet in length. The Property has a 15.85-foot abutment to the street Kenwood Court. While Lot 92 is platted, the property is unplatted.

In 1966, defendant City of Birmingham enacted ordinance § 5.184, which provided:

> 5.184. *Access to Residential Property.* No residential building shall be erected on any lot which does not abut for at least thirty (30) feet upon a street and which does not have a minimum width of thirty (30) feet, as measured at a ninety degree (90°) angle from the side lot line, for the full distance between the front and rear lot lines, provided, however, that this requirement shall not apply to lots which are platted and unimproved as of the date of adoption of Ordinance No. 664, December 12, 1966, which lots must abut for at least fifteen (15) feet upon a street or permanent unobstructed easement of access connecting such lot with a street.

Ordinance § 5.184 was in effect at the time plaintiffs purchased Lot 92 and the property.

Until 1984, plaintiffs used the property as a side yard and lawn for their residence on Lot 92. In 1984, plaintiffs, desiring to sell Lot 92 and the property as two separate building sites, sought a variance from defendant BZA. In the absence of a variance, ordinance § 5.184 prohibited erection of a building on the property because the property abutted the street for less than thirty feet and was unplatted.

At a proceeding held before the BZA on February 14, 1984, plaintiffs' request for a variance was unanimously denied. Plaintiffs' request was again denied at a rehearing held on July 24, 1984.

.

Plaintiffs brought an action in the circuit court, alleging that the BZA's decision was arbitrary and capricious and deprived plaintiffs' property of its value. Plaintiffs alternatively requested that the circuit court declare ordinance § 5.184 unconstitutional. In an opinion issued July 18, 1986, the circuit court affirmed the decision of the BZA, and reserved the constitutional issue. A bench trial was held on the question of the constitutionality of ordinance § 5.184. In its opinion issued December 26, 1986, the circuit court rejected plaintiffs' claim that the ordinance effectively deprived plaintiffs of the use of their property and further found that plaintiffs had failed to sustain their burden of proving the unconstitutionality of the zoning ordinance.

I

Appeals to circuit court from decisions by city zoning boards of appeal are governed by MCL 125.585(11); MSA 5.2935(11). Review is made on the record. The circuit court's task is to ensure that the decision (1) complies with the constitution and laws of Michigan, (2) is based upon proper procedure, (3) is supported by competent, material, and substantial evidence on the record, and (4) represents the reasonable exercise of discretion granted by law to the board of appeals. MCL 125.585(11); MSA 5.2935(11).

Our review in this case is de novo, but we accord great weight to the findings of the trial court and zoning board. *Macenas v Village of Michiana,* 160 Mich App 72, 77; 407 NW2d 634 (1987), lv gtd 430 Mich 857 (1988). Appellate relief is available only where review of the record convinces us that we would have reached a different result had we sat as the trial court or zoning board of appeals. *Id.*

In its appellate opinion, the circuit court held that, since the challenged zoning ordinance existed at the time plaintiffs purchased their property, the self-created plight of plaintiffs was properly considered and that the BZA neither abused its discretion nor acted arbitrarily in denying plaintiffs' request for a variance. Plaintiffs contend that the trial court erred in emphasizing the fact that plaintiffs purchased their property with knowledge of the thirty-foot frontage or existing platting requirement. Plaintiffs further claim that the hardship was not self-imposed, but was instead created by the unreasonable platting requirement contained in the zoning ordinance.

An area variance, like that sought by plaintiffs, may be granted when enforcement of the zoning ordinance would result in practical difficulty or unnecessary hardship. MCL 125.585(9); MSA 5.2935(9). In *Johnson v Robinson Twp,* 420 Mich 115; 359 NW2d 526 (1984), plaintiff challenged a denial of a variance to permit construction of a residence on a parcel less than ninety-nine feet wide. The parcel, originally part of a larger lot owned by plaintiff's grandfather, was divided into smaller parcels by plaintiff's family. The township zoning ordinance which prohibited construction of a building on a lot less than ninety-nine feet wide was adopted prior to the time plaintiff's family divided its property into smaller parcels. The trial court reversed the zoning board of appeals' denial of a variance. Our Supreme Court reversed and reinstated the decision of the zoning board of appeals, holding that, in considering a request for an area variance, it is entirely proper for the board of appeals to take into account the requirement that hardship not be self-created and that the plight of the landowner be due to the unique circumstances of the property. *Johnson, supra,* pp

125-126. The Court found that, as the zoning ordinance preceded the division of property, plaintiff's problems were not caused by the ordinance, but by the division. *Johnson, supra,* p 126.

In the instant case, adoption of ordinance § 5.184 preceded plaintiffs' purchase of the property. As in *Johnson,* the only practical difficulty or hardship was not caused by the zoning ordinance, but by plaintiffs' decision to sell the property separately from Lot 92. Defendant BZA did not err in determining that plaintiffs' hardship was self-imposed or in denying plaintiffs' request for a variance on that basis. The BZA's decision is supported by competent, material, and substantial evidence on the record and represents a reasonable exercise of its discretion.

II

Having failed to persuade the circuit court that they were entitled to a variance, plaintiffs then sought to persuade the court that ordinance § 5.184 was unconstitutional. Plaintiffs correctly assert that the fact that they purchased the property with constructive knowledge of the thirty-foot frontage or platting requirement does not deprive plaintiffs of standing to challenge the constitutionality of the ordinance. *Johnson, supra,* p 125; *Kropf v Sterling Heights,* 391 Mich 139, 152; 215 NW2d 179 (1974). "An otherwise unconstitutional ordinance . . . does not lose this character and immunize itself from attack simply by the transfer of property from one owner to another." *Id.*

A zoning ordinance is clothed with every presumption of validity. *Kropf, supra,* p 162. The touchstone of validity is the reasonableness of the ordinance. *Kropf, supra,* p 157. The party attacking the ordinance bears the burden of proving

affirmatively that the ordinance is constitutionally invalid. *Kropf, supra,* p 156. The plaintiffs must now

> present sufficient proofs to the court showing that the defendant city by its actions violated one of their aforesaid constitutional rights and thus acted "unreasonably". They must show that the city, via its ordinance denied them substantive or procedural due process, equal protection of the laws, or deprived them of their property without just compensation. To each of these claims the court will apply their proofs presented and determine if they have met their burden in showing the ordinance in question to be "unreasonable", for, as we have said, reasonableness is the test of its validity. [*Kropf, supra,* pp 156-157.]

Although plaintiffs do not clearly delineate the specific constitutional basis behind their general claim of unreasonableness, we discern three potential bases on which plaintiffs' claim of unconstitutionality of Ordinance § 5.184 is founded: substantive due process, equal protection, and deprivation of property without just compensation. We will review the evidence presented below to determine if plaintiffs have sustained their burden of showing that the ordinance is constitutionally infirm.

### A. SUBSTANTIVE DUE PROCESS

A plaintiff seeking to successfully challenge a zoning ordinance on due process grounds must show (1) that there is no reasonable governmental interest being advanced by the present zoning classification itself or (2) that the ordinance is unreasonable because of the purely arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area in question. *Kropf, supra,* p 158.

Plaintiffs do *not* contend that the thirty-foot abutment requirement of ordinance § 5.184 is unreasonable. Plaintiffs concede that such a requirement advances a legitimate governmental purpose and bears a reasonable relationship to the health, welfare, and safety of the community. As one example, the requirement ensures proper ingress and egress to residential structures in case of police, fire or health emergencies. What plaintiffs challenge is the reasonableness of the exception contained in the ordinance for existing platted property. Plaintiffs claim that it is unreasonable to except from the thirty-foot abutment requirement existing platted property but not to except existing unplatted property. We do not agree.

The procedure for platting land is set forth in the Michigan Subdivision Control Act, MCL 560.101 *et seq.*; MSA 26.430(101) *et seq.* (superseding the Michigan Plat Act, formerly MCL 560.1 *et seq.*; MSA 26.431 *et seq.*). The purposes served by platting, as set forth in the preamble to the Subdivision Control Act, include the promotion of the public health, safety and general welfare, the furthering of the orderly layout and use of land, ensuring that land be suitable for building sites and public improvements, and ensuring adequate drainage and proper ingress and egress to lots. Plats must be approved at a variety of local and state levels to ensure compliance with the requirements set forth in the act. For example, a preliminary plat must be presented to the county road commission, MCL 560.113; MSA 26.430(113), and that commission may condition its approval on adequate provision for traffic safety in laying out drives which enter county roads and streets. MCL 560.183; MSA 26.430(183). The governing municipality may require as a condition of its approval of a final plat, for all public and private streets,

alleys, and roads in its jurisdiction, conformance to the general plan, width and location requirements that it may have adopted and published. MCL 560.182(1)(a); MSA 26.430(182)(1)(a). The municipal governing body is directed to reject a plat which is isolated from or which isolates other lands from existing public streets, unless suitable access is provided. MCL 560.182(4)(a); MSA 26.430(182)(4)(a).

On cross-examination, plaintiffs' expert witness, Charles McCafferty, an architect and professional community planner, agreed that, in residential communities such as defendant City of Birmingham, platting serves a variety of functions, including the orderly development of property, controlling the density of the area, providing adequate space for air and light, and providing for the reasonable flow of traffic. Platting is, in effect, a substitute means of achieving the governmental purpose served by the thirty-foot frontage requirement. Unplatted property is, of course, not subject to the requirements set forth in the Subdivision Control Act or the scrutiny therein to determine the suitability of the land for building. Thus, contrary to plaintiffs' contention, we find that the exception contained in ordinance § 5.184 for platted property serves a legitimate governmental purpose and the exclusion of unplatted property not meeting the thirty-foot width requirement is not arbitrary, capricious, or unfounded.

### B. EQUAL PROTECTION

The claim that the classification of platted land as an exception to the thirty-foot frontage requirement violates plaintiffs' right to equal protection requires little discussion since equal protection analysis substantially overlaps due process analysis. The state and federal constitutional guaran-

tees of equal protection do not preclude all classification in the application of statutes and ordinances, but only require that the classification be based on a real distinguishing characteristic and bear a reasonable relation to the object of the legislation. *Palmer Park Theatre Co v Highland Park,* 362 Mich 326, 346-347; 106 NW2d 845 (1961); *Recreational Vehicle United Citizens Ass'n v Sterling Heights,* 165 Mich App 130, 140; 418 NW2d 702 (1987). For the reasons set forth in part IIA *supra,* we find that the classification contained in the ordinance is reasonably related to the object of the ordinance and does not run afoul of plaintiffs' right to equal protection.

### C. CONFISCATION WITHOUT JUST COMPENSATION

Plaintiffs' proofs were substantially directed to their claim that enforcement of ordinance § 5.184 deprived plaintiffs of any reasonable use of their property, and, therefore, amounts to an unconstitutional confiscation, in violation of the federal and state constitutions, US Const, Am V, XIV; Const 1963, art 1, § 17.[1] To sustain this attack, plaintiffs are required to demonstrate that if the ordinance is enforced, the consequent restrictions on their property preclude its use for any purposes to which it is reasonably adapted. *Kropf, supra,* pp 162-163; *Brae Burn, Inc v Bloomfield Hills,* 350 Mich 425, 434-435; 86 NW2d 166 (1957).

The framework for examining claims of unconstitutional confiscation of private property is set forth in *Penn Central Transportation Co v City of New York,* 438 US 104, 124; 98 S Ct 2646; 57 L Ed 2d 631 (1978), reh den 439 US 883 (1978). The

[1] Although plaintiffs claimed that enforcement of the ordinance was unconstitutional because it essentially constituted a "taking without just compensation," plaintiffs did not seek relief in the form of damages.

Court has refrained from developing a " 'set formula' for determining when 'justice and fairness' require that economic injuries caused by public action be compensated by the government, rather than remain disproportionately concentrated on a few persons." *Penn Central Transportation Co, supra,* p 124. The "taking" question involves an essentially ad hoc, factual analysis. *Id.* Relevant factors to be examined include the economic impact of the regulation, its interference with reasonable investment-backed expectations, and the character of the government action. *Id.* Even a land-use regulation which precludes the most beneficial use of the property may be justified where the restriction is reasonably necessary to the effectuation of a substantial public purpose. *Penn Central Transportation Co, supra,* p 127. The analysis set forth in *Penn Central Transportation Co* has been recently affirmed by the United States Supreme Court in several decisions. *Hodel v Mary Irving,* 481 US —; 107 S Ct 2076; 95 L Ed 2d 668 (1987); *Nollan v California Coastal Comm,* 483 US —; 107 S Ct 3141; 97 L Ed 2d 677 (1987); *Keystone Bituminous Coal Ass'n v DeBenedictis,* 480 US —; 107 S Ct 1232; 94 L Ed 2d 472 (1987).

The trial court held that plaintiffs failed to sustain their burden of proving that the zoning ordinance precluded use of the property for any purpose to which the land is reasonably adapted. This Court is inclined to give considerable weight to the findings of the trial judge. *Gackler Land Co, Inc v Yankee Springs Twp,* 427 Mich 562, 572; 398 NW2d 393 (1986); *Kropf, supra,* p 163.

Plaintiffs called as a witness Michael Cotter, a real estate broker. Cotter testified that the unplatted, unimproved lot, if buildable, would be worth $100,000 and would be worthless if considered as a separate nonbuildable site. However, Cotter stated

that the unimproved property, if sold in conjunction with the improved Lot 92, would have a value of approximately ten percent of the property as improved, or $10,000. Rodney Layton, a real estate appraiser called as a witness by defendant, testified that the property, if sold as an unimproved lot in conjunction with Lot 92, would bring $18,000 more than if Lot 92 were sold without the adjacent unimproved property.

We agree with the trial court that plaintiffs failed to sustain their burden of proof on this issue. Diminution in property value, standing alone, does not establish unconstitutional confiscation. *Penn Central Transportation Co, supra,* p 131; *Gackler, supra,* p 572. As previously discussed, ordinance § 5.184 reasonably promotes the public safety, health, and welfare. Enforcement of the ordinance does not deprive the property of all reasonable use. Unimproved, the property was valued between $10,000 and $18,000. Nor was evidence introduced indicating that plaintiffs were foreclosed from increasing the value of the property through construction of something other than a residential building, e.g., a swimming pool or tennis court. Furthermore, plaintiffs used the property exactly as it is for thirteen years before deciding to divide and sell it separately from Lot 92. As the Supreme Court noted in *Johnson, supra,* p 126, where, prior to the split of the land, the land was being properly used in conformance with the zoning ordinance, "we can see no sense in which the township can be said to have unconstitutionally deprived the plaintiffs of their property rights." Likewise, here, we find no unconstitutional confiscation.

III

Plaintiffs finally contend that the requirement

added in 1966 by ordinance § 5.184 violates the city enabling legislation, MCL 125.583a; MSA 5.2933(1), which provides in pertinent part:

> The lawful use of land or a structure exactly as the land or structure existed at the time of the enactment of the ordinance affecting that land or structure, may be continued, except as otherwise provided in this act, although that use or structure does not conform with the ordinance.

Prior to 1966, the relevant ordinance required only a fifteen-foot frontage for building.

Plaintiffs' interpretation of the enabling legislation is not persuasive. Under the statute, plaintiffs have a right to use the property "exactly as such existed" at the time of enactment of the ordinance in 1966. In 1966, the property was being used in conjunction with Lot 92 as a single residential site, with the home on Lot 92 and the unplatted, unimproved property used as a side yard and lawn. Nothing in ordinance § 5.184 prohibits the continued use of the property as it existed at the time of enactment of the ordinance.

IV

We affirm the trial court's order upholding the constitutionality of zoning ordinance § 5.184. We find no error in the trial court's affirmance of the BZA's denial of an area variance to plaintiffs. The judgment dismissing plaintiffs' complaint is affirmed.

Affirmed.