# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 29, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

138314-5

WOLVERINE COMMERCE, L.L.C.,
      Plaintiff-Appellant,
v

SC: 138314-5
COA: 278417, 282532
Washtenaw CC: 05-000321-CH

PITTSFIELD CHARTER TOWNSHIP,
      Defendant-Appellee.
_____/

On order of the Court, the application for leave to appeal the November 20, 2008 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REINSTATE the judgment of the Washtenaw Circuit Court. The Court of Appeals failed to accord due weight to the findings of the Washtenaw Circuit Court, which were not clearly erroneous. See *Kropf v Sterling Hts*, 391 Mich 139, 163 (1974).

Further, the Court of Appeals erred in precluding relief based on the "self-imposed hardship rule." The self-imposed hardship rule applies to preclude relief in taking claims asserted by a property owner who has subdivided or physically altered the land so as to render it unfit for the uses for which it is zoned, not to cases in which the legal status of the property has been altered. See, e.g., *Johnson v Robinson Twp*, 420 Mich 115, 117 (1984); *Bierman v Taymouth Twp*, 147 Mich App 499, 506 (1985), lv den 425 Mich 869 (1986). Rather, a plaintiff who purchases property with knowledge of existing zoning regulations takes the property along with the seller's legal right to challenge those regulations. *Kropf, supra*, 391 Mich at 152. There is no legal precedent to extend the self-imposed hardship rule to prevent a plaintiff who personally sought to conform the property's zoning classification to the municipality's master plan in the first instance from later seeking, in good faith, to rezone the property to another classification to allow a different use.

MARKMAN, J., would grant leave to appeal to consider the Court of Appeals' application of the "self-created hardship" doctrine, *Johnson v Robinson Twp*, 420 Mich 115 (1984).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 29, 2009

_____
Clerk

p0526