ART VAN FURNITURE, INC v CITY OF KENTWOOD

Docket No. 102670. Submitted December 8, 1988, at Grand Rapids.
Decided February 23, 1989.

Art Van Furniture, Inc. leases from Keywell and Herbach, trust-
ees under a trust which owns the property, a one-story building
with approximately 30,000 square feet of space in the City of
Kentwood. The front wall of the building is approximately
7,913 square feet in area. A zoning ordinance provides that one
wall or roof sign is allowed per street frontage and shall not
exceed ten percent of the total area of the wall to which it is
attached or a maximum area of one hundred square feet.
Keywell and Herbach sought a zoning variance in order to
install a wall sign covering 818 square feet of the front wall of
its building. The City of Kentwood Zoning Board of Appeals
denied the request. A second request was made to place a 490-
square-foot wall sign which would cover a total of 6.1 percent of
the surface area of Art Van's front wall. The Board of Appeals
also denied that request. It was undisputed that Art Van's
building, if divided into separate units for use by a number of
tenants, would hold, in conformity with the ordinance, wall
signs covering a total of 791 square feet. The Board of Appeals
expressed concern that granting the variance would set a
precedent and an avalanche of variance requests from other
businesses would follow, which in turn would, if granted, effec-
tively result in an unlawful rewriting of the ordinance. Several
members of the board expressed dissatisfaction with the ordi-
nance, particularly the challenged provision, in that it failed to
provide for situations where a business is located in a very
large building. Art Van Furniture, Inc. and Keywell and Her-
bach appealed the decision of the Board of Appeals to the Kent
Circuit Court. Plaintiffs moved for summary disposition. The
court, Stuart Hoffius, J., denied the motion, finding that the
Board of Appeals was correct in its application of the zoning

REFERENCES

Am Jur 2d, Zoning and Planning § 125.

Validity of regulations restricting size of freestanding advertising
signs. 56 ALR3d 1207.

Municipal power as to billboards and outdoor advertising. 58
ALR2d 1314.

statute and stated that the court would not act as a super zoning board and overrule the board's actions. The court ruled that judgment should be entered in favor of defendant. Plaintiffs appealed.

The Court of Appeals *held:*

1. Because Art Van is the sole tenant of the building, limiting the sign to one hundred square feet is an arbitrary and unreasonable exercise of the police power unrelated to a legitimate government interest which deprives plaintiffs of their constitutional right to adequately identify their business. The zoning ordinance is an unconstitutional violation of the due process clause of the Michigan Constitution because its application to sole tenants in large buildings is arbitrary, capricious, and unreasonable.

2. Plaintiffs have shown by a preponderance of the evidence that their proposed specific use is reasonable. The matter is remanded to the trial court and the trial court is ordered to declare plaintiffs' proposed 490-square-foot sign reasonable and to enjoin defendant from interfering with the erection of plaintiffs' sign.

3. The zoning authority is free to rezone consistent with the limiting conditions of plaintiffs' proposed use and restrained by the declaration that the provision in the ordinance which restricts a sign to one hundred square feet is unconstitutional.

Reversed and remanded.

Zᴏɴɪɴɢ — Sɪɢɴs — Wᴀʟʟ Sɪɢɴs — Sɪᴢᴇ Rᴇsᴛʀɪᴄᴛɪᴏɴs — Cᴏɴsᴛɪᴛᴜᴛɪᴏɴᴀʟ Lᴀᴡ.

A zoning ordinance which restricts the size of outdoor wall signs to no more than ten percent of the total area of the wall to which it is attached or to a maximum area of one hundred square feet is an unconstitutional violation of the due process clause of the Michigan Constitution because its application to sole tenants in large buildings is arbitrary, capricious, and unreasonable where the building, if occupied by many tenants, would be subject to several signs which together would occupy more space than the one sign permitted the sole tenant (Const 1963, art 1, § 17).

*Keywell & Rosenfeld* (by *Frederic I. Keywell* and *Lucy R. Benham*), for plaintiffs.

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *Scott G. Smith*), for defendant.

Before: DOCTOROFF, P.J., and SAWYER and R. J. JASON,* JJ.

DOCTOROFF, P.J. Plaintiffs appeal as of right from a circuit court order denying plaintiffs' motion for summary disposition and granting summary disposition to defendant. Plaintiffs had appealed to the circuit court pursuant to MCL 125.585(11); MSA 5.2935(11) from the Kentwood Zoning Board of Appeals' denial of plaintiffs' request for a variance to install a 490-square-foot wall sign on its business building. On appeal, plaintiffs present several challenges to § 25.13(D)(2) of the City of Kentwood zoning ordinance. We conclude that this subsection, which prohibits a business from placing an identification sign on its building in excess of one hundred square feet, is unreasonable and arbitrary and, accordingly, in violation of the due process clause of the Michigan Constitution. Thus, we remand this case to the circuit court pursuant to *Schwartz v City of Flint,* 426 Mich 295; 395 NW2d 678 (1986).

Keywell and Herbach (trustees) are trustees under a trust which owns a parcel of land in Kentwood, Michigan. This land is zoned C-2, community commercial. The trustees have entered into a long-term lease with Art Van Furniture, Inc. for use of the parcel as a retail store, warehouse showroom, and clearance center. The Art Van store is a one-story building, with approximately 30,000 square feet of space. The front wall of Art Van, which faces 28th Street, is approximately 7,913 square feet.

The relevant portions of the City of Kentwood zoning ordinance which concern this appeal state:

* Circuit judge, sitting on the Court of Appeals by assignment.

*Section 25.1 SCOPE*

This Section is intended to regulate and limit the construction or reconstruction of signs and billboards, to protect the public peace [sic] morals, health, safety and general welfare. Such signs as will not, by reason of their size, location, construction, or manner of display, endanger life and limb, confuse or mislead traffic, obstruct vision necessary for vehicular and pedestrian traffic safety, or otherwise endanger public welfare, shall be permitted as provided for herein. The following shall not be included in the application of the regulations cited herein.

*Section 25.13(D)(2) IDENTIFICATION WALL OR ROOF SIGN*

All such signs shall be placed flat against the building and shall not project beyond a wall or architectural feature by more than one (1) foot (.31 m). No wall or roof sign shall project above or beyond the highest point of the roof or parapet. One (1) wall or roof sign is allowed per street frontage and shall not exceed ten (10) percent of the total area of the wall to which it is attached or a maximum area of one hundred (100) square feet (30.48 m²). It may be illuminated and may be in addition to a freestanding sign.

On March 11, 1987, the trustees filed with the Kentwood Zoning Board of Appeals an application for a variance from § 25.13(D)(2) in order to install a wall sign covering 818 square feet. Following a public hearing, the board denied the request.

On April 30, 1987, the trustees again applied for a variance. This application contained a request to place a 490-square-foot wall sign which would cover a total of 6.1 percent of the surface area of Art Van's front wall. The board denied the variance application.

At the second variance hearing, plaintiffs' expert testified that a sign conforming to the ordinance would be difficult to read from 28th Street. Plain-

tiffs contended that the proposed sign would be legible from the street, tasteful in appearance, and promote the health, safety, and morals of the community. It was undisputed that Art Van's building, if divided into separate units for use by a number of tenants, would hold, in conformity with the ordinance, wall signs covering a total of 791 square feet. Thus, plaintiffs argued that there was no good reason to deny the requested variance when, if the building had multiple tenants, signs covering a larger space would be permitted.

In denying plaintiffs' variance application, the board's greatest concern was that granting the variance would set a precedent and an avalanche of variance requests from other businesses would follow. Granting the variances would, in effect, result in an unlawful rewriting of the ordinance. *Farah v Sachs*, 10 Mich App 198, 206; 157 NW2d 9 (1968). However, several members of the board expressed dissatisfaction with the ordinance, particularly the challenged provision, in that it failed to provide for situations where a business is located in a very large building.

Plaintiffs then appealed the denial of the variance to Kent Circuit Court pursuant to MCL 125.585(11); MSA 5.2935(11), which provides:

> The decision of the board of appeals shall be final. However, a person having an interest affected by the zoning ordinance may appeal to the circuit court. Upon appeal, the circuit court shall review the record and decision of the board of appeals to insure that the decision meets all of the following:
>
> (a) Complies with the constitution and laws of this state.
>
> (b) Is based upon proper procedure.
>
> (c) Is supported by competent, material, and substantial evidence on the record.

(d) Represents the reasonable exercise of discretion granted by law to the board of appeals.

In denying plaintiffs' motion for summary disposition and granting summary disposition to defendant, the circuit court held that the board was correct in its application of the zoning statute and that it would not act as a super zoning board and overrule defendant's actions.

Plaintiffs argue on appeal that the board failed to comply with the above statute in that its decision did not comply with the constitution and laws of this state and did not represent a reasonable exercise of discretion granted by law to the Board of Appeals. Thus, plaintiffs argue, the circuit court was in error in failing to reverse the decision of the board and grant the variance.

Plaintiffs first claim that § 25.13(D)(2) is an unconstitutional denial of due process because it is an arbitrary and unreasonable ordinance as applied to single-tenant commercial buildings. If plaintiffs' building housed multiple tenants, it could have wall signs covering 791 square feet. Plaintiffs argue that, because Art Van is the sole tenant of this large structure, limiting the sign to one hundred square feet is an arbitrary and unreasonable exercise of the police power unrelated to a legitimate government interest which deprives plaintiffs of their constitutional right to adequately identify their business. We agree.

The principles and tests to use to determine whether a zoning ordinance is unconstitutional were detailed in *Kropf v City of Sterling Heights,* 391 Mich 139, 158; 215 NW2d 179 (1974). For an ordinance to be successfully challenged, plaintiffs must prove (1) that there is no reasonable governmental interest being advanced by the present zoning classification itself or (2) that an ordinance

may be unreasonable because of the purely arbitrary, capricious, and unfounded exclusion of other types of legitimate land use from the area in question. Thus, a zoning ordinance is invalid if it fails to advance a legitimate governmental interest or if it is an unreasonable means of advancing a legitimate governmental interest. *Troy Campus v City of Troy,* 132 Mich App 441; 349 NW2d 177 (1984).

The four rules for applying these principles were also outlined in *Kropf, supra,* pp 162-163, and presented in *Kirk v Tyrone Twp,* 398 Mich 429, 439-440; 247 NW2d 848 (1976):

> 1. " '[T]he ordinance comes to us clothed with every presumption of validity.' " 391 Mich 139, 162, quoting from *Brae Burn, Inc v Bloomfield Hills,* 350 Mich 425; 86 NW2d 166 (1957).
>
> 2. " '[I]t is the burden of the party attacking to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property . . . . It must appear that the clause attacked is an arbitrary fiat, a whimsical *ipse dixit,* and that there is no room for a legitimate difference of opinion concerning its reasonableness.' " 391 Mich 139, 162, quoting *Brae Burn, Inc.*
>
> 3. "Michigan has adopted the view that to sustain an attack on a zoning ordinance, an aggrieved property owner must show that if the ordinance is enforced the consequent restrictions on his property preclude its use for any purposes to which it is reasonably adapted." 391 Mich 139, 162-163.
>
> 4. " 'This Court, however, is inclined to give considerable weight to the findings of the trial judge in equity cases.' " 391 Mich 139, 163, quoting *Christine Building Co v City of Troy,* 367 Mich 508, 518; 116 NW2d 816 (1962).

In *Hecht v Niles Twp,* 173 Mich App 453; 434

NW2d 156 (1988), the Court determined the proper application of these rules:

> 1. Rule No. 1 applies to all ordinances, regardless of the theory under which a property owner makes a challenge as to its constitutionality;
> 2. Rule No. 2 applies to a challenge to a zoning ordinance which has as its basis the reasonable relationship of land use regulation under the police power of a governmental unit to public health, safety, morals, or general welfare;
> 3. Rule No. 3 applies to a challenge to a zoning ordinance which has as its basis a claim of confiscation or wrongful taking under the Fifth or Fourteenth Amendments;
> 4. Rule No. 4 applies to an appellate court's review of a trial court's findings regardless of the theory or theories advanced. [*Id.*, pp 459-460.]

Thus, plaintiffs need not prove that the restrictions imposed by the challenged ordinance preclude the use of the building for any purposes to which it is reasonably adapted. However, plaintiffs have the burden of proving that the ordinance is an arbitrary and unreasonable restriction upon their use of property.

The first prong of the reasonableness test holds that plaintiffs must prove no reasonable governmental interest is being advanced by the present zoning ordinance. Section 25.1 of the Kentwood zoning ordinance states that the regulation of the size of wall signs is designed to protect the public peace, morals, health, safety, and general welfare. While safety of roads is primarily a police responsibility, the creation of a traffic hazard is a valid consideration on which to base certain parts of a zoning ordinance. To prevent such a hazard, a municipality may limit a sign's dimensions along its thoroughfares in exercising its police powers. It

may also prevent the placing of signs which obstruct light, air, rainfall, or use of the streets. *Sun Oil Co v City of Madison Heights,* 41 Mich App 47, 52-53; 199 NW2d 525 (1972). Further, aesthetics is a valid part of the general welfare concept; however, it may not serve as the sole reason for excluding a legitimate use of property. *Ottawa County Farms, Inc v Polkton Twp,* 131 Mich App 222, 229; 345 NW2d 672 (1983), lv den 419 Mich 892 (1984).

We conclude that the regulation is rationally related to its stated purpose. Defendant has a legitimate governmental interest in regulating signs to promote traffic and pedestrian safety as well as the aesthetic value of the community.

The second prong of the reasonableness test holds that plaintiff must prove that the ordinance is an unreasonable means of advancing a legitimate governmental interest. Plaintiffs argue that it is arbitrary and unreasonable to restrict Art Van, as the sole tenant, to a wall sign of no more than one hundred square feet when a strip mall of comparable size could have unrelated wall signs totaling 791 square feet. Plaintiffs claim that the ten percent limit is much more reasonable and, if the variance were granted, plaintiffs' sign would cover only 6.1 percent of the wall space, clearly within the ten percent figure as set out in the first part of the challenged ordinance. Plaintiffs further argue that their proposed sign is more in keeping with the spirit of the ordinance in that it is safer, being less confusing and hazardous for a passing motorist to see and read, than a sign within the one hundred-square-foot limit.

The dispute here is not between contending land uses, the traditional zoning conflict. The dispute is whether a building owned by plaintiffs, which houses a single tenant, is arbitrarily restricted to

one hundred square feet of wall sign when the same size building with several tenants would be allowed up to 791 square feet of wall signs. Our task is not to evaluate the reasonableness of one land use over another, but to evaluate whether the existence of the above distinction is permissible. *Charter Twp of Delta v Dinolfo,* 419 Mich 253, 269; 351 NW2d 831 (1984). The appropriate standard is the due process standard generally used to evaluate the normal use of the police power. We still presume the constitutionality of the ordinance, but the extraordinary deference given to the line drawing in traditional zoning matters is not appropriate here. *Id.,* p 269. The governing rule is one of reason. The classification must be a reasonable one, and it must bear a reasonable relation to the object of the legislation. The means selected must have a real and substantial relation to the object sought to be obtained. *Id.,* p 270.

The object of the challenged ordinance is to protect the public peace, morals, health, safety, and general welfare of the community. This ordinance does so by regulating the size of wall signs to promote traffic and pedestrian safety and to maintain the aesthetic value of the community. Defendant has determined that wall signs shall occupy no more than ten percent of the total area of the wall to which it is attached or a maximum of one hundred square feet. This produces a situation where, on the same building, there could be placed either 791 square feet of wall signs or one hundred square feet, depending on the number of tenants, and both would, in strict compliance with the ordinance, adequately fulfill its purposes and goals. Thus, the ordinance is arbitrary, capricious, and unreasonable as applied to plaintiffs. Strict enforcement of the ordinance inures to the detriment of a sole tenant as opposed to multiple

tenants. The large business owner is penalized by the one-hundred-square foot limit, whereas multiple tenants are treated fairly by the uniform ten percent provision.

We find the distinction is not permissible. The ordinance places an arbitrary and unreasonable restriction upon plaintiffs' use of their building. Thus, we declare the above zoning ordinance an unconstitutional violation of the due process clause of the Michigan Constitution because its application to sole tenants in large buildings is arbitrary, capricious, and unreasonable.

Finding the ordinance unconstitutional, we remand to the trial court pursuant to *Schwartz, supra.* The procedure outlined in *Schwartz* gives plaintiffs the burden of showing that their proposed use is reasonable by a preponderance of the evidence. If plaintiffs can do so, the judge may provide relief in the form of a declaration that plaintiffs' proposed specific use is reasonable and an injunction preventing defendant from interfering with that use. *Id.,* pp 328-329. We conclude that plaintiffs have sustained their burden of reasonableness.

The proposed use is specific. Plaintiffs applied for a variance to erect a wall sign which takes up 490 square feet or 6.1 percent of the total wall area. The design of the sign is otherwise in conformance with the zoning ordinance. Plaintiffs and defendant agree that the ten percent limit for wall signs is reasonable. Defendant denied the variance on the basis that to grant the variance would start an avalanche of variance applications and result in an unlawful amending of the ordinance by variance. Several members of the board expressed problems with the ordinance and felt plaintiffs' request was just. Thus, we conclude that plaintiffs' proposed specific use is reasonable by a preponder-

ance of the evidence. Therefore, the trial court is ordered to declare plaintiffs' proposed sign reasonable and to enjoin defendant from interfering with the erection of plaintiffs' sign.

The zoning authority is free to rezone consistent with the limiting conditions of plaintiffs' proposed use and restrained by this Court's declaration that the provision in the ordinance which restricts a sign to one hundred square feet is unconstitutional. *Id.*

In view of our decision with respect to the foregoing, we find it unnecessary to decide plaintiffs' remaining issues. *In the Matter of Creed,* 126 Mich App 32, 37; 337 NW2d 41 (1983).

Reversed and remanded to the trial court for relief consistent with this opinion. We do not retain jurisdiction.