NORMAN CORPORATION v CITY OF EAST TAWAS

Docket No. 245410. Submitted June 8, 2004, at Lansing. Decided August
    3, 2004, at 9:00 A.M. Leave to appeal sought.
    Norman Corporation and S.L. Realty, LLP, sought review in the Iosco
    Circuit Court of a decision by the city of East Tawas Zoning Board
    of Appeals (ZBA) that upheld the East Tawas Planning Commission's
    decision to deny the plaintiffs a sign variance request. The court, J.
    Richard Ernst, J., applied the decision in *Art Van Furniture v City of
    Kentwood*, 175 Mich App 343 (1989), and ruled that East Tawas's
    sign-size ordinance was unconstitutional because it violated the
    Equal Protection Clause by making a distinction between single-
    and multi-tenant buildings with respect to usable sign space. The
    court also determined that the defendant improperly calculated the
    plaintiffs' proposed sign area. The Court of Appeals, SMOLENSKI, P.J.,
    and SAWYER and BANDSTRA, JJ., denied the defendant's application
    for leave to appeal. The Supreme Court, in lieu of granting leave,
    remanded the case to the Court of Appeals for consideration as on
    leave granted and directed the Court of Appeals to determine the
    validity and applicability of the *Art Van Furniture* decision. 467
    Mich 920 (2002).

    The Court of Appeals *held*:

    1. The decision in *Art Van Furniture* sets forth an invalid
    statement of law. In that case, the Court erroneously applied a
    heightened standard of review, applicable to substantive due
    process concerns, to legislative distinctions made in traditional
    zoning matters. The proper standard of review of legislative
    classifications that do not involve substantive due process con-
    cerns or suspect classifications is whether the legislative distinc-
    tions are rationally related to a legitimate governmental interest.
    Under this rational basis review, the Court presumes that the
    distinctions are constitutional and defers to the legislative will. A
    sign ordinance is rationally related to a legitimate governmental
    interest, even though some unequal treatment results from the
    ordinance classification, when under any set of facts it seeks to
    promote public health, safety, and the general welfare, which
    includes protecting the aesthetic value within a city.

    2. The defendant's sign-size limitation ordinance is constitu-
    tional. The ordinance was adopted to protect the health, safety,

general welfare, property values, and the character of the city generally. Limiting sign size to dissipate visual clutter is rationally related to protecting the general welfare because clutter detracts from the city's aesthetic value and may cause dangerous distractions for passersby.

3. The ZBA's denial of the plaintiffs' variance request satisfied the requirements of MCL 125.585(11). The plaintiffs, not the ordinance, created any difficulties or hardships and therefore the ordinance comports with the law. The ZBA followed proper procedure by mailing notices of a hearing on the plaintiffs' variance request to all appropriate neighboring real property owners, and the ZBA heard and reviewed the plaintiffs' appeal of the planning commission's denial of the sign variance request. The ZBA's variance denial was supported by competent, material, and substantial evidence in the record, and the ZBA denial constituted a reasonable exercise of discretion.

4. The trial court correctly determined that the ZBA improperly interpreted the term "copy" in the defendant's ordinance. That term clearly indicates that only the text of a proposed sign is used to calculate the sign size.

Affirmed in part and reversed in part.

ZONING — SIGNS — SIZE RESTRICTIONS — CONSTITUTIONAL LAW.

A municipality's sign-size ordinance is subject to rational basis review when challenged as violating equal protection for making distinctions between single- and multi-tenant buildings; such an ordinance is rationally related to a legitimate governmental interest when it seeks to promote public health, safety, and the general welfare by protecting the aesthetic value of the municipality.

*Dickinson Wright, PLLC* (by *Timothy A. Stoepker* and *Paul R. Bernard*), for the plaintiffs.

*Plunkett & Cooney, P.C.* (by *Mary Massaron Ross* and *H. William Reising*), for the defendant.

Before: FITZGERALD, P.J., and BANDSTRA and SCHUETTE, JJ.

SCHUETTE, J. Defendant, city of East Tawas, appeals a circuit court order reversing an East Tawas Zoning Board of Appeals (ZBA) decision that denied plaintiffs,

Norman Corporation and S. L. Realty, LLC, a sign variance. The court held defendant's sign ordinance unconstitutional and authorized plaintiffs to erect the sign for which the variance was requested. Defendant applied for leave to appeal, which was denied by this Court. Our Supreme Court, in lieu of granting leave, remanded the case to this Court for consideration as on leave granted and directed this Court to determine the validity and applicability of *Art Van Furniture v City of Kentwood*, 175 Mich App 343; 437 NW2d 380 (1989), to this case. 467 Mich 920 (2002). We hold that *Art Van Furniture* is an incorrect statement of law and we choose to follow instead *Muskegon Area Rental Ass'n v Muskegon*, 465 Mich 456; 636 NW2d 751 (2001). As such, the East Tawas ordinance is constitutional; its sign-size limitation is valid, and, to that extent, the circuit court order is reversed. However, that portion of the order that invalidated the ZBA's sign-area calculation method stands.

## I. FACTS

In March 2003, defendant's planning commission denied plaintiffs' request for a sign permit because it found the proposed signs would exceed the number and size permitted under the city's sign ordinance. That decision was appealed to the zoning board of appeals (ZBA). At the ZBA hearing, plaintiffs petitioned for a variance from the ordinance's size limitation, which limited plaintiffs' proposed canopy sign to ten percent of their building's façade or one hundred square feet, whichever was smaller.[1] In support of their variance request, plaintiffs argued that the ordinance unfairly limited the size and number of signs that could be

---

[1] Section 19.08(B)(2) of the ordinance provides:

affixed to their single-tenant building because, under the ordinance, a multi-tenant building of equal size would have more usable sign space. Plaintiffs also sought interpretation of the ordinance to determine the correct method for measuring a sign's area.[2]

The ZBA denied the request for a variance, concluding plaintiffs' problem was self-created because plaintiffs' building had been designed and built without considering the sign ordinance's restrictions; plaintiffs would not suffer an unreasonable burden, suffer injustice, or be deprived of the use of their property by complying with the sign ordinance; and it would be inappropriate to grant a variance because unique circumstances did not exist. Further, the ZBA concluded that the traditional practice of enclosing a sign's copy into a geometric space and using that space's area to determine copy area was a sound interpretation of the ordinance.[3]

The ZBA decision was appealed to the Iosco Circuit Court. Plaintiffs argued that (1) the ordinance unconstitutionally distinguished between single- and multi-tenant businesses and (2) the ZBA sign-area calculation method erroneously exaggerated sign size. Concerning the variance request, the circuit court applied *Art Van Furniture* to invalidate the ordinance's size limitation as an unconstitutional distinction between single- and multi-tenant businesses violating the Equal Protection

---

The maximum size of any canopy sign shall not exceed ten (10) percent of the building façade where so provided, however, no such sign shall exceed one hundred (100) square feet.

[2] Under § 19.08(B)(7) of the sign ordinance, only "copy area" was used to calculate sign area for canopy signs:

Only the copy area of the canopy should be identified as sign area used for calculation purposes.

[3] *Id.*

Clause. Further, the court held that a sign's copy only included "the area encompassed by the writing, [or] symbols utilized to communicate a message" and concluded that the proposed sign's area was erroneously exaggerated by the ZBA's calculation method.

Therefore, the circuit court reversed the ZBA's decision and permitted plaintiffs to erect their signs. This Court denied defendant's application for leave to appeal in April 2002 for lack of merit. The Supreme Court remanded "for consideration as on leave granted" and instructed the Court of Appeals to address whether *Art Van Furniture* is still good law and applicable to this case.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision in an appeal from a city's zoning board, while giving great deference to the trial court and zoning board's findings. *Cryderman v Birmingham*, 171 Mich App 15, 20; 429 NW2d 625 (1988).

## III. ANALYSIS

### A. SIGN-SIZE LIMITATION

The circuit court relied on erroneous precedent. *Art Van Furniture* is not a valid statement of law and is thus overruled. In *Art Van Furniture*, this Court addressed the issue of a Kentwood maximum sign limitation and concluded that the limitation was "unreasonable and arbitrary and, accordingly, in violation of the due process clause of the Michigan Constitution." *Id.* at 345. Relying on *Delta Twp v Dinolfo*, 419 Mich 253, 269; 351 NW2d 831 (1984), the *Art Van Furniture* Court framed the issue:

> Our task is not to evaluate the reasonableness of one land use over another, but to evaluate whether the existence of the [] distinction [between single- and multi-tenant buildings] is permissible. The appropriate standard is the due process standard generally used to evaluate the normal use of the police power. We still presume the constitutionality of the ordinance, but the extraordinary deference given to the line drawing in traditional zoning matters is not appropriate here. The governing rule is one of reason. The classification must be a reasonable one, and it must bear a reasonable relation to the object of the legislation. The means selected must have a real and substantial relation to the object sought to be obtained. [175 Mich App 352 (citations omitted).]

This Court erred when it applied *Dinolfo* to *Art Van Furniture* to conclude that "the extraordinary deference given to the line drawing in traditional zoning matters is not appropriate here." *Art Van Furniture, supra* at 352. In *Dinolfo*, our Supreme Court addressed a zoning ordinance that drew a distinction between related and unrelated households. Because that distinction involved a substantive due process concern—a legislative distinction based on household composition —our Supreme Court applied a heightened standard of constitutional review:

> "It is elementary that *substantive due process* demands that zoning regulations, like all police power legislation, must be reasonably exercised—the regulation must not be unreasonable, arbitrary or capricious, the means selected must have a real and substantial relation to the object sought to be attained, and the regulation or proscription must be reasonably calculated to meet the evil and not exceed the public need or substantially affect uses which do not partake of the offensive character of those which caused the problem sought to be ameliorated." [*Dinolfo, supra* at 270, quoting *Kirsch Holding Co v Borough of Manasquan*, 59 NJ 241, 251; 281 A2d 513 (1971) (emphasis added).]

It is true that under both due process and equal protection analyses the governing rule is one of reason. *Kropf v Sterling Hts,* 391 Mich 139, 157; 215 NW2d 179 (1974); *Haberkorn v Chrysler Corp,* 210 Mich App 354, 381; 533 NW2d 373 (1995). However, legislative classifications that do not involve substantive due process concerns do not require the "regulation . . . [to] be reasonably calculated to meet the evil and not exceed the public need." Rather, under the applicable standard, rational basis review, such legislative distinctions are presumed to be constitutional and must only "be rationally related to a legitimate government interest." *Landon Holdings, Inc v Grattan Twp,* 257 Mich App 154, 173; 667 NW2d 93 (2003). When reviewing a due process or equal protection challenge, this Court defers to the legislative will and cannot apply heightened review absent a substantive due process issue or a suspect legislative classification.

In both *Art Van Furniture* and this case, substantive due process concerns are conspicuously absent. Further, our Supreme Court has concluded that distinguishing between two classes of businesses is not suspect and passes rational basis review. *Muskegon Area Rental Ass'n, supra* at 465-467. Our Supreme Court has noted that, if such legislative distinctions violated rational basis review, "then virtually any classification could be successfully challenged." *Id.* at 465. Such an interpretation would effectively usurp the legislature prerogative and, therefore, cannot be allowed.

In *Art Van Furniture,* this Court concluded that the wall-sign ordinance was rationally related to a legitimate governmental interest, namely "to promote traffic and pedestrian safety and to maintain the aesthetic value of the community." *Art Van Furniture, supra* at 352. This was a correct conclusion because protecting

and promoting public health, safety, and general welfare are legitimate governmental interests, *Square Lake Hills Condo Ass'n v Bloomfield Twp*, 437 Mich 310, 325; 471 NW2d 321 (1991), reh den 437 Mich 1280 (1991), and protecting aesthetic value is included in the concept of the general welfare. *Gackler Land Co, Inc v Yankee Springs Twp*, 427 Mich 562, 572; 398 NW2d 393 (1986).

Therefore, in *Art Van Furniture*, this Court should have concluded that the ordinance was constitutional because it rightly concluded that the ordinance was rationally related to a legitimate governmental purpose.

Like *Art Van Furniture*, this case presents a legislative maximum sign limitation that effectively distinguishes between single- and multi-tenant buildings and the businesses they house. That plaintiffs are treated differently then other businesses is not a predicate for finding the ordinance unconstitutional. An ordinance's classification is constitutional under rational basis review if it can be "supported by any set of facts, either known or which could reasonably be assumed, even if such facts [are] debatable." *Crego v Coleman*, 463 Mich 248, 260; 615 NW2d 218 (2000). Moreover, rational basis review is satisfied even though some unequal treatment results from the application of an ordinance classification. *Wysocki v Felt*, 248 Mich App 346, 353; 639 NW2d 572 (2001).

Thus, this single versus multiple tenant distinction is permissible when any set of facts suggests the measure is rationally related to a legitimate governmental interest. Section 19.01 of defendant's sign ordinance states that the regulation was adopted to "protect the health, safety, [] general welfare, . . . property values, and . . . the character of the various

neighborhoods and the City generally." This is a legitimate governmental interest. Limiting the size of signs to dissipate visual clutter is reasonably related to protecting the general welfare because visual clutter detracts from the community's aesthetic value and may create dangerous distractions to passersby. *Adams Outdoor Advertising, Inc v City of Holland*, 234 Mich App 681, 684, 692-693; 600 NW2d 339 (1999), aff'd 463 Mich 675; 625 NW2d 377 (2001). Thus, the ordinance is constitutional.

### B. VARIANCE DENIAL

Plaintiffs maintain that if the sign ordinance is constitutional, they were unjustly denied a variance for their March 2000 request. When a denial of a variance is appealed, this Court must review the record and ZBA decision to determine whether it (1) comports with the law, (2) was the product of proper procedure, (3) was supported by competent, material, and substantial evidence on the record, and (4) was a proper exercise of reasonable discretion. MCL 125.585(11).

MCL 125.585(9) provides that a zoning board of appeals may grant a variance "[i]f there are practical difficulties or unnecessary hardships in carrying out the strict letter of the ordinance." The ZBA found plaintiffs' problem to be self-created; a practical difficulty or unnecessary hardship cannot be self-created. *Cryderman, supra* at 21. Thus, the variance was rightly denied because the record supports the conclusion that plaintiffs' problem was self-created. Plaintiffs developed and built a large single-tenant building. In 1992, plaintiffs requested a variance under East Tawas's previous sign ordinance that limited signs to a maximum of two hundred square feet, as opposed to the one hundred square feet limit currently applicable. The ZBA granted

plaintiffs' requested variance; however, plaintiffs failed to erect the signs permitted under that variance. Plaintiffs did not act on the variance in a timely fashion. Section 22.08 of the 1992 ordinance (No. 271) provided that variances not acted on within one year were null and void. Therefore, plaintiffs' problem was self-created because the building was built with knowledge of the 1992 zoning restriction that required plaintiffs pursue a variance for their proposed signs. Plaintiffs did pursue and were granted a variance but failed to act on that grant and are, therefore, now bound by the current ordinance, which limits signs to a maximum one hundred square feet. Thus, plaintiffs' problem was self-created.

Further, even if plaintiffs' problem were not self-created, the ZBA decision would still stand. Variances may be granted if a property owner might otherwise suffer a practical difficulty. *Nat'l Boatland, Inc v Farmington Hills Zoning Bd of Appeals*, 146 Mich App 380; 387-388; 380 NW2d 472 (1985). This Court considers whether the denial deprives an owner of the use of the property, compliance would be unnecessarily burdensome, or granting a variance would do substantial justice to the owner. *Id.* Compliance with the sign ordinance here would not deprive plaintiffs the use of their property and would not be unnecessarily burdensome. Plaintiffs may still use their real estate for the same purpose as they had before the variance denial, and, although they may be burdened, plaintiffs are not burdened unnecessarily because the ordinance is in place to maintain the community's aesthetic value and ensure safety, which are cognizable necessities.

Alternatively, this Court has granted variances where an unnecessary hardship existed that was unique to the property. *Puritan-Greenfield Improvement Ass'n*

*v Leo*, 7 Mich App 659, 671; 153 NW2d 162 (1967). We find that the hardship that plaintiffs faced was both necessary and not unique to plaintiffs' property. Maintaining the community's aesthetic value and ensuring safety is necessary to promote the general welfare, and large single-tenant buildings suffer alike regarding the maximum sign size. Therefore, plaintiffs did not suffer an unnecessary hardship.

Thus, as the zoning enabling act, MCL 125.585, only allows for variances when the ordinance creates practical difficulties or unnecessary hardship, *Paragon Properties v City of Novi*, 452 Mich 568, 582; 550 NW2d 772 (1996), and we find no practical difficulty or unnecessary hardship, the ZBA decision comported with the law.

Further, that decision was the product of proper procedure. "The [zoning] board of appeals shall hear[,] . . . decide[,] . . . and review any order, requirements, decision, or determination made by an administrative . . . body charged with the enforcement of an ordinance . . . ." MCL 125.585(3). Before the hearing, the ZBA is required to send notice of the hearing, either by personally delivering the notice or mailing it, to all real property owners within three hundred feet of the premises in question. MCL 125.585(8). Here, thirty-four notices were sent to local property owners within three hundred feet of plaintiffs' building. Thus, the ZBA properly noticed the hearing.

At the hearing, the ZBA may affirm the decision appealed and must make an appropriate decision for the premises in question. MCL 125.585(9). Here, the ZBA affirmed the planning commission's decision to deny plaintiffs' sign request because the total size of the proposed sign exceeded the size permitted by the ordinance.

Further, a variance cannot be given unless "a concurring vote of 2/3 of the [zoning board of appeals] members" is obtained. MCL 125.585(4). Here, all members agreed that a variance was inappropriate.

Thus, here, the ZBA heard and reviewed plaintiffs' appeal of the planning commission's decision to deny plaintiffs' sign request. This hearing was the basis for upholding defendant's planning commission decision and the denial of the request for a variance. Thus, the ZBA followed proper procedure.

Denial of the request for a variance must have also been supported by competent, material, and substantial evidence on the record. The variance request was denied because plaintiffs did not face a practical difficulty or unnecessary hardship. Plaintiffs' difficulty was self-created because plaintiffs were aware of the size limitation, received a variance from it under the 1992 ordinance, but failed to act on that variance, which ultimately expired. These finding were substantiated by the record. Therefore, the ZBA decision was supported by competent, material, and substantial evidence on the record.

Last, the ZBA denial must constitute a reasonable exercise of discretion. An abuse of discretion occurs when a decision is so grossly illogical that it demonstrates passion or bias. *Dep't of Transportation v Randolph,* 461 Mich 757, 768; 610 NW2d 893 (2000), reh den 462 Mich 1208 (2000). As explained above, the denial of the request for a variance was reasonably related to preserving East Tawas's aesthetic value and promoting traffic safety. The denial was based in reason and is thus not illogical. The ZBA reasonably exercised its discretion when it denied the variance.

Thus, the ordinance was properly applied to deny plaintiffs' variance request.

### C. SIGN-SIZE CALCULATION METHOD

The plaintiffs also argue that the ZBA's interpretation of its ordinance sign-size calculation method was incorrect. When construing an ordinance, principles of statutory construction apply. *Kalinoff v Columbus Twp,* 214 Mich App 7, 10; 542 NW2d 276 (1995). Section 19.09(C) of defendant's ordinance provides that canopy signs that meet the requirements of § 19.08(B) may be allowed in the Central Business District (CBD) district.[4] Section 19.08(B) provides:

> The maximum size of any canopy sign shall not exceed ten (10) percent of the building façade where so provided, however, no such sign shall exceed one hundred (100) square feet. [Section 19.08(B)(2).]

> \* \* \*

> Only the copy area of the canopy should be identified as sign area used for calculation purposes. (Refer to attached illustration.) [Section 19.08(B)(7).]

The illustration referred to in § 19.08(B)(7) points to the lettering on the canopy. " 'If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted.' " *Green Oak Twp v Munzel,* 255 Mich App 235, 240; 661 NW2d 243 (2003), quoting *Guardian Photo, Inc v Dep't of Treasury,* 243 Mich App 270, 277; 621 NW2d 233 (2000). The ordinance clearly indicated that only the copy was to be used to calculate sign size. The trial court noted that, within the ordinance, "copy" was not a term of art and, therefore, should be afforded its traditional meaning. In the context used in the ordinance, "copy" is "the text of a news story, advertisement, television commercial, or the like." *Random House Webster's College Dictionary*

---

[4] Plaintiffs' building is located in the CBD district.

(1997). Therefore, the ordinance clearly indicated that only the text should be used to calculate sign size; interpretation by the ZBA was thus neither necessary nor permitted. *Green Oak Twp, supra* at 240. Accordingly, under §19.08(B)(7), only the copy area can be used to determine sign size.

## IV. CONCLUSION

We hold that *Art Van Furniture* is an incorrect statement of law. Thus, the East Tawas ordinance is constitutional; its sign-size limitation is valid, and, to that extent, the circuit court order is reversed. The circuit court's invalidation of the ZBA's sign-area calculation method is affirmed.