# STATE OF MICHIGAN

# COURT OF APPEALS

STEPHEN DELING,

Plaintiff-Appellant,

v

TOWNSHIP OF GIRARD,

Defendant-Appellee.

UNPUBLISHED
November 15, 2016

No. 329767
Branch Circuit Court
LC No. 13-100618-AV

Before: SAWYER, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Plaintiff wished to build a garage on his property in defendant's township. The applicable zoning ordinance limited the height of the garage to 16 feet. Plaintiff sought a variance to allow a height of 26 feet. Defendant's Zoning Board of Appeals denied the variance and plaintiff appealed to the circuit court. It was determined that the record was insufficient to allow adequate review by the court and the parties stipulated that the matter should be sent back to the ZBA for rehearing. On rehearing, the ZBA granted only a 23.5 foot variance. Plaintiff again appealed to the circuit court, which upheld the ZBA's decision. Plaintiff now appeals and we affirm.

This Court reviews de novo the circuit court's decision in a zoning board appeal. *Norman Corp v City of East Tawas,* 263 Mich App 194, 198; 687 NW2d 681 (2004). MCL 125.3606(1) sets forth the standard for the court's review of a decision by the ZBA:

> Any party aggrieved by a decision of the zoning board of appeals may appeal to the circuit court for the county in which the property is located. The circuit court shall review the record and decision to ensure that the decision meets all of the following requirements:
>
> (a) Complies with the constitution and laws of the state.
>
> (b) Is based upon proper procedure.
>
> (c) Is supported by competent, material, and substantial evidence on the record.

(d) Represents the reasonable exercise of discretion granted by law to the zoning board of appeals.

In determining how to apply this statutory standard, we find guidance in our Supreme Court's decision, although it was decided under the prior, now repealed zoning statute, in *Macenas v Village of Michiana*, 433 Mich 380, 395; 446 NW2d 102 (1989):

> The typical zoning case often presents questions that are a mix of law and fact. This convergence tends at times to obscure the principle that courts have primary authority to determine questions of law. "Where the facts relating to a particular use are not in dispute, the legal effect of those facts, that is, how the terms of the ordinance are to be interpreted in relation to the facts, is a matter of law, and the courts are not bound by the decisions of administrative bodies on questions of law." 3 Rathkopf, The Law of Zoning & Planning (4th ed), § 42.07, p 42-69.

> The statute instructs courts to defer to determinations of fact made by an appeals board if supported by competent, material, and substantial evidence on the record, MCL 125.585(11)(c); MSA 5.2935(11)(c). The board's decisions based on those determinations of fact are to be deferred to provided they are procedurally proper, MCL 125.585(11)(b); MSA 5.2935(11)(b); and are a reasonable exercise of the board's discretion, MCL 125.585(11)(d); MSA 5.2935(11)(d). This deference, however, does not undercut the authority of the court to decide questions of law as they arise in the course of a review of appeals board actions and to negate actions that are so unreasonable as to rise to the level of unconstitutionality.

Thus, we read the statute, with the assistance of *Macenas*, to require that any factual findings of the ZBA are to be reviewed under the competent, material and substantial evidence standard, while the decision itself of the ZBA based upon any factual conclusions is to be reviewed to determine if it is a reasonable exercise of discretion.

Plaintiff first argues that the ZBA's decision was not supported by competent, material and substantial evidence on the record. But plaintiff points to no specific factual determination made by the ZBA that was not supported by the record. Rather, plaintiff is arguing that the decision itself is not supported by such evidence. But that twists the standard to be applied. Not only does it apply the factual standard to the ultimate decision itself, instead of determining whether that decision represents a reasonable exercise of discretion, but it also creates a standard that would have the effect of requiring the issuance of a variance unless there was competent, material and substantial evidence to deny it. We are not persuaded that the Legislature intended to create such a high burden in order to deny a variance. Indeed, in MCL 125.3604(7) and (8), the Legislature states that a ZBA "may" grant a variance and it has the authority to do so. But this is significantly different than if the statute provided that a variance "must be issued unless . . . ." And that would be the effect of plaintiff's argument.

Plaintiff's next argument more closely addresses the real question in this case, namely whether the ZBA's decision was unreasonable because it discriminated against plaintiff because

similarly situated neighbors were granted the same variance that plaintiff was denied. But, as the trial court observed, like others in the township, plaintiff was granted a variance. The ZBA merely reduced the variance from the 26 feet requested to 23.5 feet, "so that only 16 feet show on the lower side" of the structure. The trial court noted that it "would seem that the Appellant would have this Court . . . require the Township of Girard to uniformly permit all non-use height variances at the same or similar maximum heights." The trial court rejected this concept, as do we. The ZBA attempted to craft a solution that granted as much of plaintiff's requested variance as it could, while keeping with the spirit of the ordinance in terms of how much of the structure would be showing in light of the contour of the land and its location in the neighborhood. Plaintiff's argument that nearby properties were granted the variance that plaintiff requested[1] overlooks the fact that ultimately each parcel of land is unique and, even with closely situated properties, the effect of a particular variance granted to one property might nevertheless have a different effect when granted to a nearby property. Defendant provides a perfect example of this in pointing out that a height variance granted to a back-lot property would not have the same effect on the neighborhood in terms of blocking views of the lake that the same variance would have if granted to a waterfront property.

In sum, the fact that slightly different decisions may have been made regarding nearby properties does not, in our opinion, render the ZBA's decision discriminatory, much less that it represents an unreasonable exercise of its discretion. We are satisfied that the ZBA's decision represents a reasonable exercise of discretion.

Affirmed. Defendant may tax costs.

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Colleen A. O'Brien

---

[1] We also note that the factual support for this argument is thin at best. Moreover, plaintiff does not address defendant's argument that the variance granted allows plaintiff to achieve his desired goals in the construction, though perhaps at a higher cost due to the need to utilize custom rafters rather than stock rafters.