*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS W. TULLIO, MARY T. TULLIO,
and ATTICA PINES CAMPGROUND,

UNPUBLISHED
July 28, 2022

Plaintiffs-Appellants,

v

No. 358343
Lapeer Circuit Court
LC No. 20-053995-AA

ATTICA TOWNSHIP and ATTICA TOWNSHIP
ZONING BOARD OF APPEALS,

Defendants-Appellees.

Before: M. J. KELLY, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

In this zoning dispute, plaintiffs appeal by leave granted[1] the circuit court order affirming the decision of defendant, Attica Township Zoning Board of Appeals (ZBA), to affirm the Attica Township Board's grant of a special land use permit to Owen Tree Service, Inc., which allowed Owen Tree Service to relocate its mulch manufacturing operation to a site adjoining plaintiffs' campground. We affirm.

## I. BASIC FACTS

On January 11, 2018, at a meeting of the Attica Township Board of Trustees, Randy Owen, the owner of Owen Tree Services, requested that the Board permit him to relocate his mulch manufacturing operation from an area zoned as industrial to a location zoned as agricultural. Plaintiffs Thomas and Mary Tullio own and operate a campground that is adjacent to the proposed mulch production site. Although they opposed Owen's request to relocate his mulch manufacturing business, the Township Board approved the request.

---

[1] *Tullio v Attica Twp*, unpublished order of the Court of Appeals, entered December 29, 2021 (Docket No. 358343).

Plaintiffs appealed the decision to the ZBA, arguing that the Board's decision was erroneous on both procedural and substantive grounds. Procedurally, they argued that the Attica Township Zoning Ordinance did not give the Board the authority to approve the move without the submission of proposed site plans. Substantively, they argued that it was improper for the Board to conclude the mulch operation fit into the agricultural district because manufacturing of mulch is properly suited for industrial-zoned districts. They noted that "at best" the mulch operation might be deemed either an "agribusiness" or an "agricultural limited business use," both of which are special land uses that would require Owen Tree Service to file an application with the Attica Township Planning Commission. On March 8, 2018, the ZBA overturned the Board's decision and directed that Owen Tree Service's request to relocate must go before the Planning Commission.

Owen appealed the ZBA's decision to the circuit court, arguing that the ZBA's decision was improper because the proposed use was agricultural and was not subject to review by the Planning Commission. The circuit court disagreed. As will be discussed in detail later, the court determined that the mulch manufacturing operation was an agribusiness under the relevant zoning ordinance. And, as a result, because the ordinances only permitted agribusiness uses as special land uses, "the ZBA did not err by determining that planning commission review was required prior to possible approval of a site plan and special land use permit." The court also concluded that if the Board had "intended to approve the proposed use under section 4.58 [permitting uses that are similar to other permitted uses], it does not appear from the record that the board followed proper procedure by making the 13 specific findings required by the zoning ordinance."

Thereafter, Owen applied for a special land use as an agribusiness or "other similar use" for the mulch operation. As required, planner's reports for the special land use were submitted. The planner's reports consistently stated that the mulch manufacturing operation was an agribusiness "as determined by the Township's Zoning Administrator." In response, plaintiffs wrote a letter to the Planning Commission, arguing the mulch manufacturing operation did not fit into the contemplated agribusiness use under Attica Township Zoning Ordinance § 4.29, and instead was better suited for industrial use under the ordinance. Further, at a public hearing on Owen's application, 15 residents opposed the proposal, while five supported it.

Despite plaintiffs' argument, the Planning Commission passed a motion to approve the special land use application. In doing so, the Planning Commission specified that Owen Tree Service would be subject to restrictions on the use of the property as imposed by Attica Township Zoning Ordinance § 6.2. Plaintiffs opposed the Planning Commission's approval, again arguing that a mulch manufacturing operation did not properly belong in an agriculturally-zoned district. Subsequently, the Board split on whether to approve Owen's application for special land use. However, a motion to approve Owen's site plan, as recommended by the Planning Commission, passed.

Plaintiffs appealed the approval to the ZBA, asking it to reverse the determination by the Board. They argued that reversal was proper because (1) there was never a proper determination of fact that the mulch operation constituted an agribusiness and (2) the decision to allow the mulch operation to move was an abuse of discretion. At the July 23, 2020, ZBA meeting, the ZBA determined that the mulch manufacturing operation was an agribusiness.

Plaintiffs appealed the ZBA's decision to the circuit court, arguing that the only reason the ZBA concluded the mulch operation was an agribusiness was because of the circuit court's dictum in the previous appeal. Defendants argued the circuit court should defer to the ZBA's decision that the mulch operation constitutes an agribusiness. The circuit court determined the proposed use was properly classified as an agribusiness under the zoning ordinance, and the ZBA did not abuse its discretion by interpreting the proposed use fit the agribusiness special use designation. This appeal follows.

## II. STANDARD OF REVIEW

"All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law." Const 1963, art 6, § 28. "This Court reviews de novo a trial court's decision in an appeal from a city's zoning board, while giving great deference to the trial court and zoning board's findings." *Norman Corp v City of East Tawas*, 263 Mich App 194, 198; 687 NW2d 861 (2004). "The decision of a zoning board should be affirmed by the courts unless it is (1) contrary to law, (2) based on improper procedure, (3) not supported by competent, material, and substantial evidence on the record, or (4) an abuse of discretion." *Reenders v Parker*, 217 Mich App 373, 378; 551 NW2d 474 (1996); MCL 125.3606(1). Whether a decision is supported by substantial evidence has been clarified by this Court, which

> . . . reviews the circuit court's determination regarding ZBA findings to determine whether the lower court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the [ZBA]'s factual findings. This standard regarding the substantial evidence test is the same as the familiar clearly erroneous standard. A finding is clearly erroneous if the reviewing court, on the whole record, is left with the definite and firm conviction that a mistake has been made. [*Hughes v Almena Twp*, 284 Mich App 50, 60; 771 NW2d 453 (2009) (quotations marks and citations omitted, alteration in original).]

A decision is an abuse of discretion when it is outside the range of principled and reasonable outcomes. *Elher v Misra*, 499 Mich 11, 21; 878 NW2d 790 (2016).

Additionally, "[w]hen construing an ordinance, principles of statutory construction apply." *Norman Corp*, 263 Mich App at 206. "If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted." *Id*. (quotation marks and citations omitted). The goal of interpreting an ordinance is to "discern and give effect to the intent of the legislative body." *Great Lakes Society v Georgetown Charter Twp*, 281 Mich App 396, 408; 761 NW2d 371 (2008).

## III. CLASSIFICATION OF OWEN TREE SERVICE'S OPERATIONS

The Michigan Zoning Enabling Act, MCL 125.3101 *et seq.*, provides for the creation of a zoning board of appeals (ZBA). MCL 125.3601(1). A ZBA "is municipal administrative body, charged with interpreting the ordinance, hearing appeals, granting variances, and performing various functions that may arise in the administration of the zoning ordinance." *Sun Communities*

*v Leroy Twp*, 241 Mich App 665, 670; 617 NW2d 42 (2000). The recurring issue in this matter is whether the mulch manufacturing operation is an agribusiness under the Attica Township Zoning Ordinance.

Under Attica Township Zoning Ordinance § 3.1.1A, "Agricultural Districts are designed to provide single family home sites in areas more rural in character." The ordinance defines agriculture as "[s]oil dependent cultivation of crops or the raising of farm animals, for primarily commercial purposes, in accordance with generally accepted farming practices." The zoning requirements for agricultural districts are separated into two categories: principal permitted uses and special land uses. Under Attica Township Zoning Ordinance § 3.1.1B, principal permitted uses include uses such as farms, single-family dwellings, hobby farms, and keeping of animals. Agribusiness is a special land use under § 3.1.1C. While the term agribusiness is not defined in the Attica Township Zoning Ordinance, § 4.29 lists examples including "farm implement sales, cider mills, farmers markets, farm dairies, and pick-your-own farms." Because agribusiness is considered a special land use, there are specific procedures to follow, as outlined in Attica Township Zoning Ordinance § 6.2. These procedures include the submission of a site plan to the Planning Commission, which must then be approved by the Board. Special land uses are also subject to certain conditions, outlined in Attica Township Zoning Ordinance § 6.2(1)(A) through (H).

Here, in its October 4, 2018 decision, the circuit court determined that the mulch manufacturing business was an agribusiness. The court reasoned:

> The zoning ordinance does not define "agribusiness" but provides the following no-exclusive list of examples: farm implement sales, cider mills, farmers markets, farm dairies, and pick-your-own farms. Merriam-Webster's dictionary defines agribusiness as "an industry engaged in the producing operations of a farm, the manufacture and distribution of farm equipment and supplies, and the processing, storage, and distribution of farm commodities." Because storing woodchips and grinding them into mulch is engagement in the storage and processing of an agricultural commodity, [Owen's] proposed land use is properly classified as an agribusiness under the ordinance. Because agribusiness uses are permitted only as special land uses, the ZBA did not err by determining that planning commission review was required prior to possible approval of a site plan and special land use permit.

In its July 23, 2020 decision affirming the Board's approval of the relocation of Owen Tree Service's mulch manufacturing operation, the ZBA referenced that decision, stating:

> [T]his board finds as a matter of fact that the operations of Owen Tree Service, the subject matter of this appeal, are "Agribusiness" within the meaning of the township zoning ordinance. WHELAN [one of the ZBA members deciding the appeal] STATED THAT HE USED JUDGE HOLOWKA'S DETERMINATION THAT OWEN TREE SERVICE IS AN AGRIBUSINESS AS HIS DETERMINATION.

On appeal, plaintiffs argue that the doctrine of collateral estoppel[2] did not bind the ZBA to accept the circuit court's October 4, 2018 determination that the mulch manufacturing operation was an agribusiness. They argue that the court's determination was non-binding dictum.[3] In response, defendants argue that the doctrine of collateral estoppel bars plaintiffs from arguing that the mulch manufacturing operation is not an agricultural business.

We need not determine whether the doctrine of collateral estoppel required the ZBA to accept the circuit court's determination as binding. Nothing in the ZBA's decision indicates its belief that it was, in fact, bound by the circuit court's earlier determination. Instead, the ZBA's decision indicates that it was using the circuit court's determination "as [its] determination." Thus, rather than treating the determination as binding, the ZBA instead found it to be persuasive and adopted as its own the circuit court's determination that the mulch manufacturing operation was an agribusiness within the meaning of the relevant zoning ordinances.[4] Because we conclude that the ZBA independently determined that the proposed operation was an agribusiness under the ordinance, plaintiffs' argument that they were denied due process because the ZBA's decision was based exclusively on dictum is without merit.

Next, Attica Township also argues that plaintiffs are precluded from arguing that Owen Tree Service's operations are properly classified as an agribusiness by the doctrine of judicial estoppel. "Under [that] doctrine, a party who has *successfully* and unequivocally asserted a

---

[2] In general, the doctrine of collateral estoppel applies if the following three elements are satisfied:

> (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full [and fair] opportunity to litigate the issue; and (3) there must be mutuality of estoppel. [*Monat v State Farm Ins Co*, 469 Mich 679, 682-684; 677 NW2d 843 (2004) (quotation marks and citation omitted, alteration in original).]

[3] "Dictum is a judicial comment that is not necessary to the decision in the case" and is not binding authority. *Pew v Mich State Univ*, 307 Mich App 328, 334; 859 NW2d 246 (2014). However, "if a court intentionally addresses and decides an issue that is germane to the controversy in the case, the statement is not dictum even if the issue was not decisive." *Id*. In this case, the circuit court affirmed the ZBA's decision to require the relocation request to be submitted to the Planning Commission because the court determined that, under the relevant zoning ordinances, Owen Tree Service's operations were properly classified as an agribusiness, which required a special use permit, which, in turn, required that the matter be submitted to the Planning Commission. Because the determination that the business was classified as an agribusiness was, therefore, germane to the controversy in the case, it was not dictum.

[4] On appeal, plaintiffs point out that Owen Tree Service's lawyer submitted a letter to the ZBA arguing that the circuit court's determination was binding on the ZBA. However, the fact that a position was argued before the ZBA does not mean that the ZBA must have agreed with the position argued. Instead, we look to the language used by the ZBA in its determination, which, as noted above, does not include any indication that the ZBA found itself to be precluded from independently deciding the issue.

position in a prior proceeding is estopped from asserting an inconsistent position in a subsequent proceeding." *Paschke v Retool Indus*, 445 Mich 502, 509; 519 NW2d 441 (1994) (citation omitted). For this doctrine to apply, a party must present a "wholly inconsistent" claim after an earlier court proceeding in which the court accepted the party's position as true. *Id*. at 510. Here, in response to the Township's appeal of the ZBA's first opinion, plaintiffs argued Owen Tree Service's proposed use was not agricultural, but was "at best" an agribusiness use, which is classified as a special land use under Attica Township Zoning Ordinance § 6.2. The crux of the argument then was that the proposed use *might* be an agribusiness, not that it unequivocally was an agribusiness. Because the claim must be successfully and *unequivocally* asserted in the earlier appeal, we conclude that the doctrine of judicial estoppel does not bar plaintiffs' argument.

Plaintiffs also contend the trial court improperly usurped the authority of the ZBA when it used a dictionary definition of agribusiness to interpret the township's zoning ordinance. The trial court used the dictionary definition of agribusiness: "an industry engaged in the producing operations of a farm, the manufacture and distribution of farm equipment and supplies, and the processing, storage, and distribution of farm commodities." *Merriam-Webster's Collegiate Dictionary* (11th ed). When interpreting a zoning ordinance, "undefined terms must be given their plain and ordinary meanings, [and] it is proper to consult a dictionary to define terms." *Risko v Grand Haven Charter Twp Zoning Bd of Appeals*, 284 Mich App 453, 460; 773 NW2d 730 (2009). Because the ordinance only gives examples of agribusiness, but not a definition, the trial court properly considered the dictionary definition.

Plaintiffs next argue the ZBA erred because there was not sufficient evidence on the record to show the proposed use properly fit the definition of an agribusiness. In support, plaintiffs direct this Court to opinions where this Court has held that the ZBA must state on the record the grounds upon which it justifies its decision. In particular, in *Reenders*, 217 Mich App at 377-378, this Court concluded the trial court erred when it found there was sufficient factual evidence to support the zoning board's decision when the ordinance in question required the ZBA to make affirmative findings related to four standards. This Court held that it was "insufficient for the zoning board to merely repeat the conclusory language of the zoning ordinance without specifying the factual findings underlying the determination that the requirements of the ordinance were satisfied in the case at hand." *Id*.

The ordinance in this case sets out a similar requirement as the one in *Reenders*, providing that any agribusiness use must meet five requirements under Attica Township Zoning Ordinance § 4.29:

> 1. All buildings, any equipment, materials or produce being stored or for sale shall be set back at least one hundred (100) feet from all property lines.

> 2. One (1) display area is permitted within the required setback area for merchandise for sale, not to exceed four hundred (400) square feet in area.

> 3. One (1) non-illuminated sign, not exceeding a total of thirty-two (32) square feet and eight (8) feet in height is permitted for all such agribusiness use.

4. Adequate off-street parking shall be provided to serve the expected number of patrons and shall have at least a gravel surface properly graded and dust-free at all times. In determining the adequacy of the number of parking spaces, the approving body shall compare the proposed use to similar uses listed in Section 5.2.12.

5. Whenever the proposed use is adjacent to a residential zoning district, a ten (10) foot landscaped greenbelt shall be provided along the entire property line adjoining the residential zoning district.

In addition, any special land use, which an agribusiness is considered, must meet the requirements of Attica Township Zoning Ordinance § 6.2(1)(A) through (H):

A. The proposed special land use shall be of such location, size, and character that it will be in harmony with the appropriate and orderly development of the surrounding neighborhood and/or vicinity and applicable regulations of the zoning district in which it is to be located.

B. The proposed use shall be a nature that will make vehicular and pedestrian traffic no more hazardous than is normal for the district involved, taking into consideration vehicular turning movements in relation to routes of traffic flow, proximity and relationship to intersections, adequacy of sight distances, location and access of off-street parking and provisions for pedestrian traffic, with particular attention to minimizing child-vehicle interfacing.

C. The proposed use shall be designed as to the location, size, intensity, site payout and periods of operation of any such proposed use to eliminate any possible nuisance emanating therefrom which might be noxious to the occupants of any other nearby permitted uses, whether by reason of dust, noise, fumes, vibration, smoke or lights.

D. The proposed use shall be such that the proposed location and height of buildings or structures and location, nature and height of walls, fences and landscaping will not interfere with or discourage the appropriate development and use of adjacent land and buildings or unreasonably affect their value.

E. The proposed use shall relate harmoniously with the physical and economic aspects of adjacent land uses as regards prevailing shopping habits, convenience of access by prospective patrons, continuity of development, and need for particular services and facilities in specific areas of the Township.

F. The proposed use is necessary for the public convenience at the proposed location.

G. The proposed use is so designed, located, planned and to be operated that the public health, safety, and welfare will be protected.

H.  The proposed use shall not cause substantial injury to the value of other property in the neighborhood in which it is to be located and will not be detrimental to existing and/or other permitted land uses in the zoning district.

Here, the ZBA adopted as its own the circuit court's October 4, 2018 determination that the mulch manufacturing operation was an agribusiness.  Moreover, unlike *Reenders*, a thorough review of the record shows the determination was made using competent, material, and substantial evidence on the record.  While the ZBA's finding is brief, the record shows significant evidence that, through the process outlined in the ordinance, a thoughtful decision was made.  The Planning Commission made findings on each point of Attica Township Zoning Ordinances § 4.29 and § 6.2(1), referencing the planning reports that were made to ensure the proposed use met each requirement.  Indeed, the robust record in this case is not "devoid of factual or logical support." *Reenders*, 217 Mich App at 381.  Plaintiffs repeatedly argue the only reason for the finding that the mulch operation constituted an agribusiness was the circuit court's finding in the first appeal.  However, it is clear from the record, the circuit court's finding was only part of what was considered by township officials when the proposed use was granted.  Likewise, the Planning Commission and Board considered plaintiffs' position, which was set forth in letters sent through plaintiffs' lawyer and comments at public hearings.  In light of the record, we conclude that the ZBA did not err by determining the proposed use constituted an agribusiness under the zoning ordinance, and the circuit court did not err in concluding there was sufficient evidence to label the proposed operations an agribusiness.

IV.  ABUSE OF DISCRETION

Plaintiffs also argue the ZBA abused its discretion when it approved Owen's proposed use because of the dust, noise, and odors caused by the mulch manufacturing operation.  We disagree.  "[A]s long as the zoning board following ordinance regulations regarding the extension of the nonconforming use, strictly construed, the variance was appropriately granted to [defendant]." *Reenders*, 217 Mich App at 377.  See also *Spanich v City of Livonia,* 355 Mich 252, 266; 94 NW2d 62 (1959) (an appellate court "does not sit as a superzoning commission, and we do not substitute our judgment for that of the legislative body charged with the duty and responsibility in the premises, except in the unusual case.").

From the record on appeal, it is apparent that the proper procedures were followed.  Specifically, Owen Tree Service completed multiple site plans; public hearings were held where feedback was received from citizens; and reasonable restrictions were placed on Owen Tree Service, consistent with the requirements of the ordinance.  Special conditions included limiting the hours of operation, precluding the operation from being open on weekends, inspections by the township engineer, a 100-foot greenbelt buffer to shield the operation from view of the road or neighbors, and noise-reducing measures on equipment.  In light of the foregoing, the ZBA's decision is not outside the range of reasonable outcomes. *Elher*, 499 Mich at 21.

Affirmed.  Defendants may tax costs as the prevailing parties.  MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Stephen L. Borrello

-8-